William Perry Taylor, Administrator of Estate of Harry A. Taylor, Deceased, Appellee and Cross Appellant, v. City of Berwyn and Thomas Bartunek, Appellants, Ward Baking Company, Cross Appellee.

Gen. No. 40,036.

Heard in the third division of this court for the first district at the April term, 1938.

Opinion filed November 30, 1938.

WILLIAM E. OPLATKA, of Berwyn, for appellant; GOLAN, BLUMENTHAL & GOLAN, of Chicago, of counsel.

GUY C. GUERINE, of Melrose Park, and LOUIS JAFFE, of Chicago, for appellee and cross appellant; GUY C. GUERINE, of counsel.

McKenna & Harris, of Chicago, for cross appellee; James J. McKenna and Burrell J. Cramer, of counsel.

Mr. Presiding Justice Hall delivered the opinion of the court.

Shortly after 6 o'clock on the morning of September 3, 1936, a police squad car of the defendant, city of Berwyn, driven by defendant Thomas Bartunek, a police officer of that city, accompanied by Frank Prazek, also a Berwyn police officer, was cruising west on 22nd street within the limits of the city. At the time mentioned, these officers received a radio call which announced that all squad cars should be on the lookout for a small dark sedan with three persons in it, a woman and two men, who were wanted for the murder of a police officer in Lombard, Illinois. At about the time of receiving the call, the officers turned north on Harlem avenue, which is a north and south street, 22nd street running east and west, and while still in the city of Berwyn, and after they had seen a car containing three persons, a woman and two men, turn from 16th street north into Harlem avenue at a high rate of speed, the police officers followed this car into Oak Park, where both cars turned west on Lake street, at which time both cars were still going at a high rate of speed. From Lake street, both cars proceeded south at the same high rate of speed to Washington boulevard, where the car being pursued and the police car, both turned west. At 19th avenue, in the village of Maywood, a north and south street intersecting Washington boulevard, while still pursuing the other car, the police car collided with a delivery truck of the Ward Baking Company, being driven north across Washington boulevard, by means of which the truck of the Ward Baking Company was thrown over to and upon the northwest corner of the intersecting streets, where plaintiff's intestate, Harry A. Taylor, was

standing waiting for a street car. The Ward Baking Company car struck Taylor, who died a short time thereafter as a result of injuries inflicted.

In the complaint filed in the cause by the administrator of the estate of Taylor charging negligence, the city of Berwyn, police officer Thomas Bartunek and the Ward Baking Company were made parties defendant. After issues joined, the cause was submitted to a jury, which returned a verdict finding the Ward Baking Company not guilty, and finding both the city of Berwyn and Bartunek guilty. The jury assessed damages against the city of Berwyn and Bartunek in the sum of $10,000 each. Motions for a new trial were made by the plaintiff, in which it was urged that the verdict finding the defendant, the Ward Baking Company, not guilty, be set aside, and by the city of Berwyn, praying that the judgment against it be set aside. Both motions were denied, as was a further motion by plaintiff for judgment against the Ward Baking Company, notwithstanding the verdict. Judgment was entered against the city of Berwyn and Bartunek for $10,000 each, and in favor of the Ward Baking Company for costs. Notices were filed by the city of Berwyn and by Bartunek of an appeal from the judgments against them. Notice of appeal was also filed by plaintiff of an appeal from the order denying its motion for a new trial, from the verdict and judgment in favor of the Ward Baking Company and from the order of the court denying his motion for a judgment against the Ward Baking Company, notwithstanding the verdict.

A witness produced by the plaintiff testified that at the time of the occurrence, he was acting lieutenant of police in the village of Maywood; that on the morning in question at about 6:25, he received a call to go to the scene of the accident at 19th avenue and Washington boulevard; that Washington boulevard is a macad-

am surfaced road 38 feet 2 inches wide and runs east and west, and that 19th avenue is a concrete road 32 feet 2 inches wide and runs north and south, and that two street car tracks are located in the center roadway of 19th avenue; that he immediately proceeded to the scene of the accident and arrived there in a very short time; that he saw a Dodge truck lying on its right side on the northwest corner of the street intersection across the sidewalk, and that he saw the police car standing on its wheels about 25 feet north of the north curb of Washington boulevard; that the Dodge truck was to the south of the police car, and that he there found the intestate lying under the overturned truck; that at that time, the intestate was still conscious and had marks and bruises on his head, a broken right arm and compound fractures of the legs. Referring to a plat, this witness testified that the parkways on Washington boulevard are 8½ feet in width, and that barring certain space near the intersection, the roadway on Washington boulevard is open to continued view from the south intersection for about a city block. This officer further testified that there are stop and go lights on poles located at the northeast and southwest corners of the street intersection; that on the morning of the accident, the surface of the street was dry, and that there was a light fog or mist; that he found skid marks extending a distance of 29 and a fraction feet, in a southerly direction from the edge of the curb at the northwest corner of the intersection, and that there were three distinct skid marks, but that these skid marks did not lead to either of the vehicles; that the police car was 10 feet 6 inches north of the Ward Baking Company truck, and that a mail box on the west side of the sidewalk line on 19th avenue and north of the north walk of Washington boulevard, was damaged.

The driver of the Ward Baking Company truck testified to the effect that the vehicle driven by him was a one and one-half ton truck, in good condition, and that it had been overhauled a short time prior to the accident; that he was familiar with the intersection in question; that just before approaching Washington boulevard, he was traveling at a speed of about 18 miles an hour, that he could stop his truck in 18 feet, and that the left side of his truck was in the center of the highway; that there was some shrubbery on the southeast corner of the intersection; that his seat in the truck was about 8 feet from the ground, and that he could see over the shrubbery mentioned; that he observed the stop and go sign about 50 feet south of the intersection, that he glanced to the right and left, saw nothing coming, and kept watch for the stop and go signal, and that the light turned green shortly before he proceeded north; that the pavement was dry and that it was daylight and the visibility was good. He also testified to the effect that when he first saw the police car, which was after he had proceeded to about the center of Washington boulevard, he attempted to stop, but was struck before he could do so.

The defendant Bartunek, the driver of the police car, was called by plaintiff, and he described the route taken by the car up to its approach to the intersection where the accident occurred, and stated that at that time, it was misty and foggy; that as he approached the intersection of 19th avenue and Washington boulevard, he observed that the stop and go lights were working; that as he approached the intersection going west, he observed the green light for the east and west traffic when he was about 200 feet from the intersection; that the vehicle with which he collided did not stop at all and came from the south on his left-hand side; that he then made an effort to slow down and stop and swung into 19th avenue, where he collided

with the Dodge truck. He also testified to the effect that as he came west on Washington boulevard the siren on his car was blowing intermittently, and that it was blowing immediately prior to the accident; that at the time of the accident, he was proceeding about 30 miles an hour, but that just prior to that time, he had been going 60 to 70 miles an hour, and that at the intersection he took a look both to the right and left to ascertain whether there was any traffic; that at this intersection his eyes were on the automobile ahead and the green light; that at that time, there was a car ahead of him proceeding at a high rate of speed about three blocks away. The above testimony was given by Bartunek as a witness for plaintiff and as a witness on his own behalf. In addition to the statements already made, this witness testified that at the time of the accident, he was in pursuit of a car which he "suspected as being someone the law desired to apprehend." Frank Prazek, the other police officer, testified substantially to the same state of facts as that outlined by Bartunek.

Catherine Novy, the only witness produced by either party other than the bakery wagon driver and the two occupants of the police car, who had witnessed the accident, testified to the effect that a moment prior to the accident she was on the front porch of her home, which is the second house from the corner of the intersection where the accident occurred; that she saw the truck coming out of the intersection from the south, and that as it drove up to the intersection, it stopped for the light; that the light turned green and that the truck started across Washington boulevard, and that she then "went into the house"; that the green light was for 19th avenue going north and south; that the truck was going very slow; that it was a bright morning, and she saw the man standing on the northwest corner, close to the edge of the sidewalk towards 19th

avenue. She identified the truck as a bakery truck. She testified to the further effect that "at that moment," evidently meaning the time when she witnessed the events just related, she turned and went into the house, and "just then" heard a crash; that she immediately went back on the porch and for the first time saw the police car as it hit a tree.

In view of the evidence, and in view of the fact that the jury saw and heard the witnesses, we feel that we should not disturb the verdict in favor of the Ward Baking Company.

The question then arises as to whether or not, under the law, the city of Berwyn can be held liable in this case. Counsel for the municipality contend that a municipal corporation performing the duty imposed upon it as an agent of the State, in the exercise of strictly governmental functions, is not liable for injuries resulting from the negligence of its officers or agents, and insists that the evidence shows conclusively that at the time of the occurrence, the defendant, the city of Berwyn, a municipal corporation, through its police officer, the driver of the police car, was engaged in the exercise of a governmental function. In his brief, plaintiff's counsel states that he concedes that if the police of the city of Berwyn were in "fresh pursuit" at the time of the accident, the city of Berwyn would not be liable to plaintiff. He contends, however, that because of the fact that the police were outside of the city of Berwyn at the time of the accident, even though they were in the performance of their police duty, that then and in that case the municipality is liable. The evidence discloses that the officers, while in the exercise of their police duty, were notified that a murder had been committed in a neighboring village, and that they should be on the lookout for a car containing the persons suspected of this crime. Shortly after receiving this message and while

within the city of Berwyn, they observed a car going at a high rate of speed, containing persons who answered the description of those described to them over the radio, and they would have been derelict in their duty if they had not immediately used every effort to apprehend these people. We will take judicial notice of the fact that the village of Oak Park, through which they went, is immediately north of and adjacent to the city of Berwyn, that the village of Forest Park, through which they were also compelled to go in following these suspected persons, is immediately west of and adjoining Oak Park, and that the village of Maywood, in which the accident occurred, is a short distance west of Forest Park, and that all the territory through which the police passed is in Cook county. The evidence clearly discloses that at the time the accident occurred, the officers were still in pursuit of this car. An act to define police districts, and the powers and the duties of the police therein (Ill. Rev. Stat. 1937, ch. 24, secs. 421 and 422 [Jones Ill. Stats. Ann. 21.447, 21.448]) provides:

"421. That the territory which is embraced within the limits of adjoining cities, villages and incorporated towns, within any county in this State shall be a police district.

"422. It shall be lawful for the police of any city, village or incorporated town in such district to go into any part of such district to suppress riot, to preserve the peace and protect the lives, rights and property of citizens, and for such purposes it shall be the duty of the mayor of any city, the president or the president and board of trustees of any village or incorporated town in such district, and the chiefs of police therein, to use the police forces under their control anywhere in such district." Under this statute, the police of the city of Berwyn were empowered to and it was their duty to do just what they did. We are of the opinion that the contention of the plaintiff is without merit.

The judgments against the city of Berwyn and Bartunek are reversed, and the judgment for costs in favor of the Ward Baking Company is affirmed.

*Judgment against city of Berwyn and Bartunek reversed.*

*Judgment for costs in favor of Ward Baking Company affirmed.*

HEBEL and DENIS E. SULLIVAN, JJ., concur.