(No. 47025

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CHARLES CARNIVALE *et al.*, Appellees.

*Opinion filed June 2, 1975.*

William J. Scott, Attorney General, of Springfield, and Bernard Carey, State's Attorney, of Chicago (James B. Zagel and Jayne A. Carr, Assistant Attorneys General, of Chicago, and Patrick T. Driscoll, Jr., Scott W. Petersen, Laurence J. Bolon, and Rick L. Petrone, Assistant State's Attorneys, of counsel), for the People.

Sherman C. Magidson, of Chicago, for appellees.

MR. JUSTICE RYAN delivered the opinion of the court:

The three defendants, Charles Carnivale, Nicholas Pappas and Charles Pappas, were arrested without warrants in the city of Rosemont, Illinois, in Cook County. Chicago police officers in the possession of warrants to search

Charles Carnivale and Nicholas Pappas and their auto-
mobiles arrested the three defendants in the lobby of the
Sheraton Motor Hotel in Rosemont. Charles Pappas, a
brother of Nicholas Pappas, who was in the lobby of the
hotel at that time was also arrested although the police did
not have a warrant for his arrest or a warrant to search
him. The three defendants were charged with various
gambling offenses. The circuit court of Cook County,
following a hearing to quash the arrests and suppress the
evidence, found no probable cause to arrest the defendant
Charles Pappas, and also held that the police officers of the
city of Chicago were not authorized to execute the search
warrants beyond the territorial limits of the city of
Chicago. The court sustained the motions to quash the
arrest and to suppress the evidence seized. The appellate
court affirmed (21 Ill. App. 3d 780). We granted the State
leave to appeal pursuant to Supreme Court Rule 604(a)(2).
55 Ill.2d xiii.

Considering first the complaint against the defendant
Charles Pappas, we find that the ruling of the trial court
was correct. He was arrested without an arrest warrant. He
was not searched pursuant to the command of a search
warrant, and the evidence presented at the hearing did not
show that the police had probable cause to arrest him
without a warrant. His mere presence in the same hotel
lobby with the other two defendants whom the police
suspected of gambling activities did not justify his arrest.

The State advances two theories in support of its
contention that the trial court and the appellate court
should be reversed. First, it argues that the principle of
"hot pursuit" justified the arrest of the defendants and
that the existence of the search warrant provided the
ingredient of probable cause to justify their pursuit.
Second, the State contends that by virtue of sections
7—4—7 and 7—4—8 of the Municipal Code (Ill. Rev. Stat.
1971, ch. 24, par. 7—4—7 and par. 7—4—8) the city of
Rosemont was part of a police district within which police

officers of the city of Chicago had authority to execute search warrants. It is thus the State's contention that the provisions of these sections of the statute render inapplicable the common law rule limiting the authority of police officers to the territorial boundaries of the municipality.

We find it unnecessary to consider these two contentions because we are of the opinion that under the command of the search warrants the officers had the authority to execute them anywhere in the State. They were therefore properly executed and the trial court erred in suppressing the evidence seized.

The statute provides that the warrant shall be directed to all peace officers of the State and authorizes the issuing judge to direct that it be executed by any person specifically named in the warrant. (Ill. Rev. Stat. 1971, ch. 38, par. 108—5.) If the judge would have designated a private person other than a peace officer to execute the warrant, it is not contended that there would be any limitation on his authority to execute the warrant at any place within the jurisdiction of the issuing officer. (See Annot., 61 A.L.R. 377, 378 (1929).) It would appear to be a limitation without a valid reason to restrict the authority of a peace officer to execute the warrant only within the boundaries of the political entity wherein he holds his office.

Our statute requires that the warrant shall be executed within 96 hours from the time of its issuance. (Ill. Rev. Stat. 1971, ch. 38, par. 108—6.) Limiting the authority of a peace officer to the territorial limits of his own city or county needlessly hampers and unnecessarily delays the execution of the warrant which must be executed within the time prescribed by statute.

We therefore hold as to Charles Carnivale and Nicholas Pappas that the search warrants were properly executed and the circuit court erred in ordering the evidence seized suppressed. As to these two defendants the judgments of the appellate and circuit courts are reversed and the cause

is remanded to the circuit court of Cook County.

*Affirmed in part and reversed*
*in part and remanded.*