THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DENNY R. DURHAM, Defendant-Appellant.

Fifth District    No. 77-538

Opinion filed May 16, 1979.

Michael J. Rosborough and Patricia L. Morris, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

William B. Ballard, Jr., State's Attorney, of Jonesboro (Raymond F. Buckley, Jr., and William S. Zale, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE KARNS delivered the opinion of the court:

Following a jury trial in Union County, defendant, Denny Durham, was convicted of aggravated assault, armed violence, unlawful use of weapons and criminal damage to property valued less than $150. From his conviction, defendant appeals. The sole issue is whether a Union County police officer, a deputy sheriff, had authority to arrest the accused without a warrant in an adjoining county when he had probable cause to believe that the accused committed an offense in Union County.

The facts are undisputed that shortly after midnight on May 26, 1977, defendant fired three or four shots into the home of Clyde and Lois Lingle, the parents of defendant's ex-wife, from a passing automobile

driven by Lee Lesar. Mr. Lingle, who had been sitting in his living room, immediately called the Union County sheriff's office. He told Sergeant Ward Walshon that someone had fired shots into his home and that defendant was probably responsible for the shooting as defendant had committed such acts on two or three previous occasions. Officer Walshon was familiar with the Lingle family and defendant, and knew that the Lingles had problems with defendant before. After receiving the phone call, Walshon drove his squad car south on Route 127 in Union County. As he approached the boundary line separating Union and Alexander counties he saw a vehicle on County Line Road heading west towards Route 127. Walshon knew that County Line Road was connected to the road on which the Lingles lived and that there was little traffic on that road at 1:10 a.m. Walshon proceeded south on Route 127 past the intersection with County Line Road and observed the automobile turn onto Route 127 behind him. After traveling a quarter to a half of a mile farther, he backed off into a driveway and shined his headlights across the highway. At this point, both vehicles were in Alexander County. As the automobile passed by, Walshon saw defendant in the front passenger's seat. Walshon then pulled back onto the highway and stopped the automobile. He made a quick search of defendant and found five or six rounds of ammunition. He then went over to Lesar's car and saw a .38-caliber revolver and a lever-action rifle in plain view on the floorboard. After gathering the weapons, Walshon noticed that the rifle smelled as though it had recently been fired. Lesar and defendant were then informed that they were under arrest.

Prior to trial, defendant filed a motion to suppress the weapons and ammunition found at the time of the arrest alleging that they were illegally seized. At the hearing on the motion, defendant argued that Sergeant Walshon, a Union County deputy sheriff, had no authority to arrest defendant in Alexander County unless he was in "fresh pursuit" and that the evidence showed no indication of such pursuit at the time the parties entered Alexander County. As Walshon, defendant argues, was clearly exceeding his authority in arresting defendant, any evidence seized incident to that arrest must be suppressed. The trial court denied defendant's motion.

■■ At common law, municipal and county peace officers generally had no authority to make a warrantless arrest outside the political entity in which they held office. (*Krug v. Ward*, 77 Ill. 603 (1875); *Kindred v. Stitt*, 51 Ill. 401 (1869); *People v. Clark*, 46 Ill. App. 3d 240, 360 N.E.2d 1160 (5th Dist. 1977).) The sole exception to this rule that these officers had no authority to arrest in such situations was when the offender fled from the jurisdiction with the officer following in fresh pursuit. (*Krug v. Ward*; *People v. Clark*; *Taylor v. City of Berwyn*, 297 Ill. App. 417, 17 N.E.2d

1007 (1st Dist. 1938).) This common law rule, however, has been modified by statute. Under subsection (c) of section 107—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1977, ch. 38, par. 107—5(c)), "[a]n arrest may be made anywhere within the jurisdiction of this State." While there is no case law interpreting the scope of this provision, we believe it lays to rest the notion that a police officer is limited by the concept of territorial boundaries or jurisdiction when making an arrest. Therefore, it is proper for a police officer to make a warrantless arrest in an adjoining county when he has probable cause to believe that the accused committed an offense in the county in which the officer holds office. This is true even though the officer had merely entered the adjoining county because of some suspicious activity and was not then in fresh pursuit of the offender.

We are aware of the language in *People v. Clark* that section 107—5(c) does not abrogate the common law rule that peace officers have no authority to make a warrantless arrest beyond the boundaries of their jurisdiction. (46 Ill. App. 3d 240, 242, 360 N.E.2d 1160, 1162, citing *People v. Carnivale*, 61 Ill. 2d 57, 329 N.E.2d 193 (1975).) This statement, however, is clearly dicta and does not control the situation presented here. *Clark* involved the authority of Cairo police officers to pursue a fleeing suspect beyond the State line into Missouri and not the authority of a county officer to bring about a warrantless arrest within this State under section 107—5(c).

Furthermore, we believe *Clark's* reliance on *People v. Carnivale* concerning the validity of the common law rule notwithstanding section 107—5(c) is misplaced. In *Carnivale*, defendants were arrested without warrants in the city of Rosemont, Illinois, by Chicago police officers who had warrants to search two of the three defendants and their automobiles. The officers did not have a warrant to search or arrest the third defendant. In holding that the search warrants for the two defendants were properly executed, the supreme court found it unnecessary to address the issue whether the police officers were in "hot pursuit" of defendants as the officers had the authority to execute the warrants anywhere in the State. The court, however, held that the arrest of the third defendant was improper because there was no showing that the police had probable cause to arrest him without a warrant. As to this third defendant, the court did not state that a police officer does not have authority to make a warrantless arrest in another municipality or county unless in fresh pursuit of the suspect. We believe it is clearly implied that had probable cause existed with respect to this defendant, the supreme court would not have questioned the validity of the arrest. It is noteworthy that the other two defendants were also arrested without an arrest warrant and outside of the municipality of the arresting officers. The distinguishing factor in

728

*Carnivale* therefore was not the presence or absence of an arrest warrant as stated in *Clark* nor whether the officers were in fresh pursuit, but whether the officers had reasonable cause to believe that defendants had committed an offense.

■ Our holding in the present case that Officer Walshon had the authority to arrest defendant in Alexander County is in conformity with both section 107—5(c) and the *Carnivale* decision. Defendant did not argue at the suppression hearing nor does he argue on appeal that the arresting officer proceeded without probable cause. In fact, it is clear that Officer Walshon did have probable cause to arrest defendant on the night in question. Accordingly, we believe that as in *Carnivale* a county deputy sheriff may travel into an adjoining county and arrest an individual whom he reasonably believes has committed an offense within the county of the officer's employment so long as the arrest itself is valid. To hold otherwise would unduly restrict valid law enforcement.

For the reasons stated, the judgment of conviction of the Circuit Court of Union County is affirmed.

Affirmed.

KUNCE and KASSERMAN, JJ., concur.