THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM WEAVER, Defendant-Appellant.

Fourth District    No. 16771

Opinion filed September 25, 1981.

Daniel D. Yuhas and Lawrence Bapst, both of State Appellate Defender's Office, of Springfield, for appellant.

J. William Roberts, State's Attorney, of Springfield (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE GREEN delivered the opinion of the court:

On September 9, 1980, defendant, William Weaver, was convicted, following a jury trial in the circuit court of Sangamon County, of the offenses of aggravated battery, driving while under the influence of intoxicating liquor, improper lane usage, and fleeing or attempting to elude a police officer. Thereafter, he was sentenced: (1) on the aggravated battery conviction, to a term of probation of 2 years conditioned upon serving 90 days in the county jail and having psychological counseling; (2) on the eluding a police officer conviction to probation to run concurrently with the aggravated battery sentence; (3) on the driving-while-intoxicated conviction to 90 days in jail to run concurrently with the aggravated battery sentence; and (4) on the improper-lane-usage conviction to a fine of $35.

On appeal defendant contends: (1) the trial cout erred in refusing an instruction on battery tendered by defendant; (2) he was denied a fair trial when irrelevant and prejudicial statements made by him upon arrest were admitted at trial; and (3) he was prejudiced when the prosecutor, during cross-examination of a defense witness, suggested that defendant had been shot, at some time in the past, by a police officer. We affirm.

Defendant was charged under section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)) which provides that a person commits aggravated battery when, in committing a battery, he knows the individual harmed to be a peace officer engaged in the execution of any of his official duties. Defendant contends the evidence at trial indicated that Stark, the officer allegedly battered, was not engaged in his duties as a police officer at the time of the occurrence, and therefore the trial court's refusal to give a tendered instruction on the included offense of battery was improper.

The undisputed evidence was as follows: Stark was traveling in his private automobile south on Interstate 55 towards the Village of Divernon, for which he was a police officer, when he observed defendant driving erratically. Stark followed defendant to Divernon, went home, changed to his squad car, through radio communication learned defendant had been seen on a county road near Auburn, and drove in his squad

car to Auburn, where he arrested defendant. Stark further testified that as he was arresting defendant, he was struck by defendant. An Auburn police officer, present at the scene, corroborated Stark's testimony. However, Mary Weaver, defendant's mother, called by defendant, testified she observed the arrest and defendant did not strike Stark. These three witnesses were the only ones to testify as to the occurrence.

■■ It is true that a battery committed against a police officer automatically becomes the offense of aggravated battery under section 12—4(b)(6) of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 12—4(b)(6)) only when the police officer is engaged in the execution of his official duties. (*People v. Bailey* (1973), 10 Ill. App. 3d 191, 293 N.E.2d 186.) However, a police officer has the duty to maintain public order wherever he may be, as long as he is within the State. His duties are not confined to a specific time and place. (*Arrington v. City of Chicago* (1970), 45 Ill. 2d 316, 259 N.E.2d 22.) Thus, in making an arrest within the State, a police officer is always engaged in the execution of his official duties. (*People v. Barrett* (1977), 54 Ill. App. 3d 994, 370 N.E.2d 247; Ill. Rev. Stat. 1979, ch. 38, par. 107—5(c).) Accordingly, for the foregoing reasons alone, the undisputed evidence showed Stark to have been engaged in his official duties at the time he was allegedly battered.

Furthermore, the evidence showed that Stark chased defendant through Divernon and observed him committing violations in that village. Thus Stark's arrest of defendant would have occurred in the course of his duties even absent the precedent of *Arrington*.

■■ As there was no evidence in the record which would support a conviction of simple battery, the defendant was not entitled to an instruction on that offense. (*People v. Montgomery* (1974), 18 Ill. App. 3d 828, 310 N.E.2d 760.) Accordingly, the jury was properly instructed.

■■ Defendant's second claim of error is the trial court erred in admitting into evidence his statements to the police upon his arrest in which he threatened to kill the police, accused the police of having sexual relations with his ex-wife, and stated lawsuits would be filed against everybody. This evidence was properly admitted as it was probative of the degree of defendant's intoxication.

■■ Defendant further contends he was prejudiced when, in cross-examining defendant's mother, the prosecutor suggested defendant had been shot, at some time in the past, by a police officer. While this suggestion was prejudicial to defendant, in view of the strength of the evidence, we find it to have been harmless error here. The evidence was undisputed as to the offenses other than the aggravated battery offense.

Accordingly, the judgment of the trial court is affirmed.

Affirmed.

TRAPP, P. J., and MILLS, J., concur.