THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v.
RICHARD Y. ROWE, Defendant-Appellee.

Fourth District   No. 4—84—0279

Opinion filed November 13, 1984.

Tim P. Olson, State's Attorney, of Jacksonville (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

David B. Woodruff, of Jacksonville, for appellee.

JUSTICE GREEN delivered the opinion of the court:

On January 15, 1984, defendant, Richard Y. Rowe, was charged in the circuit court of Morgan County by separate complaints with the offenses of driving while under the influence of alcohol (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501(a)) and improper lane usage (Ill. Rev. Stat. 1983, ch. 95½, par. 11—709). He subsequently filed a motion requesting that his arrest be quashed and that all evidence obtained during and following the arrest be suppressed. After a hearing, the court suppressed (1) the results of a breathalyzer test given by police to defendant and evidence of the test having been given, and (2) statements made by defendant to and in the presence of Officers Aydelott and Vanniter of the South Jacksonville police department. The State has appealed pursuant to Supreme Court Rule 604(a)(1) (87 Ill. 2d R. 604(a)(1)).

The motion to suppress asserted that the evidence sought to be suppressed was obtained in violation of defendant's rights under section 6 (concerning searches, seizures, privacy and interceptions) and section 10 (concerning self-incrimination and double jeopardy) of article I of the Illinois Constitution of 1970. The major thrust of defendant's contentions was that the evidence was the fruit of his unlawful arrest by the two previously mentioned police officers. He contended that the arrest was illegal because they were police officers of the city of *South Jacksonville* and the arrest took place in the city of *Jackson-*

*ville* for conduct alleged to have occurred in the latter city. The trial court agreed, and suppressed the evidence for that reason.

■ The trial court concluded that the police officers had no authority to arrest defendant while acting in their official capacities. At common law, peace officers generally had no authority to make arrests outside the territorial limits of the entity that employed them unless they were in hot pursuit of a suspected felon who was fleeing from that territory. (*People v. Marino* (1980), 80 Ill. App. 3d 657, 661, 400 N.E.2d 491, 494.) Sections 7—4—7 and 7—4—8 of the Illinois Municipal Code provide:

> "The territory which is embraced within the corporate limits of adjoining municipalities within any county of this State shall be a police district." Ill. Rev. Stat. 1983, ch. 24, par. 7—4—7.

> "The police of any municipality in such a police district may go into any part of the district to suppress a riot, to preserve the peace, and to protect the lives, rights, and property of citizens. For these purposes the mayor of any municipality in the district, and the chiefs of police therein, shall use the police forces under their control any where in the district." Ill. Rev. Stat. 1983, ch. 24, par. 7—4—8.

The evidence at the suppression hearing indicated that the two arresting officers had been called to Jacksonville at the request of its police department but had performed their mission and were returning to South Jacksonville at the time of the arrest. Defendant argues that they were not then under the control of the mayor or chief of police of Jacksonville and, thus, were not clothed with the authority provided by the foregoing provisions of the Municipal Code. *People v. Marino* (1980), 80 Ill. App. 3d 657, 400 N.E.2d 491; *People v. Clark* (1977), 46 Ill. App. 3d 240, 360 N.E.2d 1160. But see *People v. Durham* (1979), 71 Ill. App. 3d 725, 390 N.E.2d 517; *People v. Lawson* (1976), 36 Ill. App. 3d 767, 345 N.E.2d 41; *People v. Carnivale* (1974), 21 Ill. App. 3d 780, 315 N.E.2d 609, *aff'd in part and rev'd in part on other grounds* (1975), 61 Ill. 2d 57, 329 N.E.2d 193.

Section 107—5(c) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1983, ch. 38, par. 107—5(c)) states that "[a]n arrest may be made anywhere within the jurisdiction of this State." Whether this provision would have given the arresting officers power to make the instant arrest as peace officers is also not entirely clear. (See *People v. Weaver* (1981), 100 Ill. App. 3d 512, 426 N.E.2d 1227; but see *People v. Marino* (1980), 80 Ill. App. 3d 657, 400 N.E.2d 491.) The trial court did not deem this legislation to have done so.

■ We need not decide whether the officers were empowered

to make an arrest as peace officers at the time. Such an officer has authority to make arrests when he has a warrant for an individual's arrest, reasonable belief of the existence of such a warrant or "reasonable grounds to believe that the person *is committing or has committed an offense.*" (Emphasis added.) (Ill. Rev. Stat. 1983, ch. 38, par. 107—2.) However, when, as contended here, a crime is committed in the presence of the person making the arrest, a private citizen has virtually the same authority to make the arrest as does a peace officer. Section 107—3 of the Code of Criminal Procedure of 1963 states:

> "Arrest by Private Person. Any person may arrest another when he has reasonable grounds to believe that an offense other than an ordinance violation is being committed." (Ill. Rev. Stat. 1983, ch. 38, par. 107—3.)

Thus, if the officers had "reasonable grounds" to believe that defendant was committing a crime, they were authorized to arrest him. The validity of the arrest would not have been negated because they believed they were making the arrest as peace officers. *People v. Marino* (1980), 80 Ill. App. 3d 657, 400 N.E.2d 491.

The trial court was in general agreement with the foregoing analysis of the power of the officers when acting as private citizens, but believed that it was improper and unfair for them, if they actually lacked the authority of peace officers, (1) to have the defendant submit to a breathalyzer test, or (2) to obtain statements from him. Accordingly, the court concluded that the results of the test and any statements taken should be suppressed. We recognize the lack of precedent on the question, but we do not agree with the conclusion reached by the court.

Section 11—501.2 of the Illinois Vehicle Code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.2) provides for the use in evidence of the results of a breathalyzer test in a proceeding where, as here, an individual is charged with a violation of section 11—501(a). Section 11—501.2 makes no reference to the relationship of the person making the arrest to (1) the manner in which the test is given, or (2) the admissibility of the results of the test. That section is to be distinguished from section 11—501.1 of that code (Ill. Rev. Stat. 1983, ch. 95½, par. 11—501.1), which sets forth the proceedings for the termination of driving privileges upon refusal of a person to submit to a test.

■■ ■ We hold that even if the South Jacksonville officers were beyond their authority in purporting to act as peace officers, that would not taint the breathalyzer test given to defendant, nor would that fact in itself taint any statements given by defendant to or in the presence of the officers. However, the questions of the voluntariness

of any such statements and the need for *Miranda* warnings would be the same as if the officers actually had authority as peace officers. See *People v. Seybold* (1981), 98 Ill. App. 3d 236, 423 N.E.2d 1132.

Accordingly, we reverse the order of suppression and remand to the circuit court of Morgan County for rehearing on the suppression motion. Upon concluding that the arrest of defendant had tainted his interrogation and the breathalyzer test which he took, the trial court limited the further evidence it would receive. Upon rehearing, the court should receive such further evidence as will be necessary to determine the remaining questions, including the issues of (1) whether the South Jacksonville officers had a reasonable belief that defendant was committing an offense at the time of his arrest, and (2) whether defendant's rights against self-incrimination were violated.

Reversed and remanded, with directions.

MILLS, P.J., and TRAPP, J., concur.