**Martin FIRMAN, Plaintiff,**

v.

**Angel ABREU and Martin Cashin, Defendants.**

**No. 85 Civ. 1554 (JES).**

United States District Court, S.D. New York.

Aug. 19, 1988.

---

812

Loren I. Glassman, White Plains, N.Y., for plaintiff.

Robert Abrams, Atty. Gen. of State of N.Y., New York City, for defendants; John J. O'Grady, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

Plaintiff Martin Firman brings this action pursuant to 42 U.S.C. § 1983. Defendants Angel Abreu, a New York state trooper, and Martin Cashin, a New York state sergeant, have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c). Because the parties have each presented

1. The Amended Complaint also alleges that at this time, Abreu placed plaintiff under arrest

evidence outside the pleadings, the motion will be treated as one for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons that follow, defendants' motion must be granted in part and denied in part.

## FACTS

The following facts are undisputed.

On December 26, 1982, Trooper Abreu encountered plaintiff at Exit 2 of the Connecticut Turnpike. *See* Amended Complaint ("Am.Compl.") at ¶ 11. Abreu asked plaintiff to show his driver's license and registration, but plaintiff refused, telling Abreu that he was out of his jurisdiction. *See* Deposition of Angel Abreu ("Abreu Dep.") at 12–13.[1] Pursuant to plaintiff's request for local police assistance, Abreu radioed his dispatcher in Albany, requested local police assistance, *id.* at 13–14, and then advised plaintiff that the local police were en route, tapping on the window on the driver's side of plaintiff's car to get his attention, *id.* at 25–28. However, plaintiff drove away and Abreu pursued him from Exit 2 through Greenwich, Connecticut. *Id.* at 35, 42. During the pursuit, Abreu's lights and siren were on, and Abreu used his loudspeaker to direct plaintiff to pull over. *Id.* at 45–46. At some point during the pursuit, Abreu apparently attempted to arrest plaintiff, although the record is not clear as to when this occured. *See* Am. Compl. at ¶ 11; *see also* Abreu Dep. at 48 (referring to report). Abreu followed plaintiff until Abreu was involved in an accident with a third car. *See* Abreu Dep. at 48. Responding to Abreu's radio report of the accident, Sergeant Cashin met Trooper Abreu at the accident scene, Deposition of Martin Cashin ("Cashin Dep.") at 16.

Sometime thereafter, plaintiff, Abreu, and Cashin all arrived at the Greenwich police station. *See* Deposition of Martin Firman ("Firman Dep.") at 60. The defendants conferred with a Greenwich town police officer and discussed what charges should be brought against plaintiff. *Id.*;

and assaulted and battered him. *See* Am.Compl. at ¶ 11.

Abreu Dep. at 50–53; Cashin Dep. at 50–55. Plaintiff was charged with reckless endangerment and engaging a police officer in pursuit. *See* Am.Compl. at ¶ 12. Several days later, these charges were dropped upon a finding that there was no probable cause to initiate or continue prosecution. *Id.* at ¶ 15.

## DISCUSSION

In his complaint, plaintiff alleges that his constitutional rights were violated by the acts of defendant Abreu in assaulting, battering, and pursuing him without probable cause and by the defendants' conspiring and acting in concert with Connecticut police officers to bring criminal charges against him maliciously and without probable cause. *See* Am.Compl. at ¶¶ 1, 11, 14. These claims will be addressed separately.

Plaintiff's first claim is clearly inadequate because plaintiff has failed to establish that defendant Abreu was acting under color of state law. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). It is undisputed that all the acts took place in Connecticut where Abreu had no authority to act. Plaintiff argues, however, that Abreu was acting under color of state law because at the time of the acts in question, Abreu was on-duty, in uniform, in his patrol car, and was financed by and under the control of the State of New York. That argument must be rejected.

■ Although it is true that state officials can act under color of state law even if they overstep their authority, *see Screws v. United States,* 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945), that rule can have no application where, as here, the official has no colorable authority to act in the jurisdiction in which he purports to act. *See Triplett v. Azordegan,* 570 F.2d 819, 823 (8th Cir.1978); *Askew v. Bloemker,* 548 F.2d 673, 677 (7th Cir.1976); *Chicago's Last Dep't Store v. Indiana Alcoholic Beverage Comm'n,* 161 F.Supp. 1, 4–5

(N.D.Ind.1958). *But see Brzozowski v. Randall,* 281 F.Supp. 306, 311 (E.D.Pa. 1968); *United States v. Trunko,* 189 F.Supp. 559, 562–63 (E.D.Ark.1960). This is especially true where, as here, it is clear that plaintiff did not believe at the time of the acts in question that defendant Abreu was acting pursuant to state law. *See* Abreu Dep. at 12–15. In short, the facts of this case establish that defendant Abreu, a New York official with neither actual nor apparent authority to act in Connecticut, was no different from any other private citizen and did not misuse "power possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law." *United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).[2]

■ However, plaintiff's claim based on a conspiracy to maliciously prosecute him cannot be dismissed at this time. Even assuming arguendo that defendant Abreu acted as a private citizen in filing a complaint against plaintiff, *cf. Dahlberg v. Becker,* 748 F.2d 85, 90–93 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985), on the facts here presented an inference of conspiracy with the Connecticut police officer may be permissible. *See Adickes, supra,* 398 U.S. at 152, 90 S.Ct. at 1605; *Bertucci v. Brown,* 663 F.Supp. 447, 454 (E.D.N.Y.1987).

The undisputed evidence demonstrates that after the defendants met with Connecticut police officers and discussed what charges should be brought against plaintiff, plaintiff was charged with reckless endangerment *and* engaging a *police officer* in pursuit. A fact finder could find that both defendants knew the latter charge was not sustainable under Connecticut law because defendant Abreu was not a Connecticut police officer. Thus, these facts, coupled with the fact that the charges were dropped upon a finding that there was no probable cause *to initiate* or continue prosecution, are sufficient to permit a rational inference of conspiracy, espe-

---

**2.** Although both *Screws* and *Classic* involved prosecutions based on 18 U.S.C. § 52, a criminal civil rights statute (now 18 U.S.C. § 242), rather than a civil action pursuant to § 1983, it is clear that "under color of" state law should be given the same construction under both statutes. *See Monroe v. Pape,* 365 U.S. 167, 184–85, 81 S.Ct. 473, 482–83, 5 L.Ed.2d 492 (1961).

814

cially where, as here, defendants have failed to offer any evidence that the Connecticut police officers could have reasonably believed that Abreu qualified as a "police officer" within the meaning of the Connecticut statute. The facts of this case are very different than in those cases where plaintiff's allegations of routine discussions between state officials and private parties have been held insufficient to support an inference of conspiracy. *Compare San Fillipo v. U.S. Trust Co. of New York, Inc.,* 737 F.2d 246, 256 (2d Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985); *Betrucci, supra,* 663 F.Supp. at 454–55. Defendants' motion for summary judgment as to this claim must therefore be denied.

## CONCLUSION

As plaintiff has failed to establish acts which, if believed, would permit a rational factfinder to find in his favor on his first claim, defendants are entitled to partial summary judgment as to that claim. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–50, 106 S.Ct. 2505, 2509–11, 91 L.Ed.2d 202 (1986). As to plaintiff's conspiracy claim, however, defendants' motion must be denied. All parties shall appear before the Court for a Pre–Trial Conference in the above-captioned action on September 23, 1988 at 10:30 AM.

It is SO ORDERED.