**Nancine DAVIS, Plaintiff,**

v.

**Debra KIRBY and John Doe, unknown Chicago Police Officer, Defendants.**

**No. 90 C 1747.**

United States District Court,
N.D. Illinois, E.D.

July 24, 1990.

---

Nancy Carper, Diana Kenney, Carper and Rubesh, Chicago, Ill., for plaintiff.

Matthew E. Van Tine, James P. McCarthy, Asst. Corp. Counsel, City of Chicago Law Dept., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Nancine Davis filed a four-count complaint in the Circuit Court of Cook County, Illinois, seeking relief from Officers Debra Kirby and her unknown partner John Doe, both of the Chicago Police Department. Ms. Davis alleged that Officers Kirby and Doe unlawfully detained her in violation of her Fourth Amendment rights and falsely imprisoned her. Officer Kirby removed Ms. Davis's complaint to this court under 28 U.S.C. § 1441(b) (1982) on the grounds that Ms. Davis could have brought her Fourth Amendment claim under 42 U.S.C. § 1983 (1982), and that this court may entertain § 1983 suits under 28 U.S.C. § 1331. Officer Kirby now asks this court to dismiss Counts 1–2 of Ms. Davis's complaint, both of which are against her alone, under Rule 12(b)(6), Fed.R.Civ.Pro., for failing to state a claim upon which this court may grant relief. Those counts brought against her unknown and unserved partner, John Doe, are not implicated by Officer Kirby's motion and will not be addressed here.

Officer Kirby correctly observes that Ms. Davis cannot avail herself of a direct cause of action under the Fourth Amendment, as she seems to have claimed.* Rather, Ms. Davis must take advantage of the federally enacted statutory mechanism for redressing deprivations of federal rights, 42 U.S.C. § 1983 (1982). Officer Kirby questions whether Ms. Davis sufficiently alleges two elements of a § 1983 claim: (1) a deprivation of federal constitutional or statutory right (2) caused by a party acting under "color of state law." *Gomez v. Toledo,* 446

U.S. 635, 638, 100 S.Ct. 1920, 1922, 64 L.Ed.2d 572 (1980).

## BACKGROUND

The underlying facts are not in dispute, as this is a motion to dismiss. On August 19, 1989, Ms. Davis and her companion Christine Hart were exiting a car in front of Ms. Davis's apartment in Blue Island, Illinois. Ms. Davis' fiancee, William Reed, and Robert Hart remained inside the car. At that moment Officers Kirby and Doe pulled up in their squad car. Although it is unclear what was said, the officers apparently informed the four that their car was reported as stolen. One of the four informed the officers that the car had been rented the previous day and that the rental agreement was up in Ms. Davis's apartment.

Ms. Davis went to her apartment and returned with the rental agreement. At that point the Blue Island police arrived. They informed Officers Kirby and Doe that according to their computer records, the car was not listed as stolen. Kirby and Doe maintained otherwise. Ms. Davis suggested that someone could call the car rental agency to verify the status of the car. Ms. Davis alleges that Officer Kirby told her to "shut up" and repeatedly stated to Ms. Davis, "Do you understand me or would we all have to go to the station?" Another officer, however, agreed with Ms. Davis.

Officers Kirby and Doe accompanied Ms. Davis to her apartment. Ms. Davis dialed the telephone number and handed the receiver to Officer Kirby. Ms. Davis picked up the extension and apparently Officer Kirby told her to hang up. Ms. Davis told Officer Kirby that she wanted to know what was being said to and by the rental agent. The agent asked for Ms. Davis' phone number, which she gave. Officer Kirby told Ms. Davis to "hang up the phone or she was going to take her in." Davis replied that she did not want to hang

---

* In her response to Officer Kirby's motion, Ms. Davis admits that there are three errors in her complaint. She simultaneously submitted a motion to amend her complaint in these respects. Unfortunately, since Ms. Davis has not noticed this motion before the court, the court may not rule on it.

up the telephone and that it did not matter who gave the telephone number to the agent as long as the matter was straightened out. In response, Officer Kirby grabbed the phone out of Ms. Davis' hand and hung up without confirming any of the information Ms. Davis provided about the rental car.

Officer Kirby told Ms. Davis, "Get going you smart bitch, now you're going in." Kirby and Doe took Davis to the Fifth District station in Chicago and left her in a room by herself for a period of time. Ms. Davis's complaint reveals nothing more as to what happened at the police station other than that she was told to sign a form at the front desk with Officer Kirby present.

## DISCUSSION

## COUNT I

### A. *Violation of Federal Right*

The first issue is whether Ms. Davis sufficiently alleges that Officer Kirby deprived her of a federal right. Ms. Davis suggests that Officer Kirby violated the Fourth Amendment by arresting her without probable cause. *Dunaway v. New York*, 442 U.S. 200, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979), and *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 1699, 85 L.Ed.2d 1 (1985), make clear that "whenever an officer restrains the freedom of a person to walk away, he has seized that person" within the meaning of the Fourth Amendment. In *Dunaway*, the Court held that acts similar to those alleged in this case amounted to a seizure under the Fourth Amendment:

> [Plaintiff] was taken from a neighbor's home to a police car, transported to a police station and placed in an interrogation room. He was never informed that he was "free to go"; indeed, he would have been physically restrained if he had refused to accompany the officers or had tried to escape their custody. The application of the Fourth Amendment's requirement of probable cause does not depend on whether an intrusion of this magnitude is termed an "arrest" under state law. The mere facts that petitioner was not told he was under arrest, was not "booked," and would not have had an arrest record if the interrogation had proved fruitless, while not insignificant for all purposes, obviously do not make petitioner's seizure even roughly analogous to the narrowly defined intrusions involved in *Terry* [*v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968) ] and its progeny.

*Dunaway*, 442 U.S. at 212–13, 99 S.Ct. at 2256–57.

Often the question of whether an arrest was false, or rather, whether a seizure was reasonable in the manner in which it was brought about, amounts to a question of whether there was probable cause for the arrest or seizure. *Id.* at 214, 99 S.Ct. at 2257; *Davis v. Mississippi*, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676 (1969). The court finds that Ms. Davis has adequately alleged that Officer Kirby lacked probable cause to arrest her, as she allegedly failed to perform sufficient investigation prior to the arrest. In *BeVier v. Hucal*, 806 F.2d 123 (7th Cir.1986), a police officer came upon a scene where two young children were sitting in the sun in 100 degree temperature, were sunburned, and listless. After questioning the baby sitter, the officer learned that one of the children had been to the hospital the previous day for urinating blood. The police officer immediately called an ambulance for the children and arrested the parents. The *BeVier* court held that the officer lacked probable cause for the arrest. Stating that "probable cause is a function of information and exigency," the court noted that since the children had been removed from the scene, there was no threat of imminent repetition, no fear that the parents would have fled the jurisdiction, and no suggestion that investigation would have interfered with the officer's duties, the officer had a duty to conduct an investigation. "A police officer may not close her or his eyes to the facts that would help clarify the circumstances of an arrest. Reasonable avenues of investigation must be pursued especially when, as here it is unclear whether a crime had even taken place." *Id.* at 127–28.

■ As in *BeVier*, Officer Kirby had alternative sources of information which could have confirmed or disputed Ms. Davis' story—in this case, Ms. Davis' rental agreement and the word of the car rental agent. Instead, Officer Kirby allegedly chose to arrest without reasonable investigation. Such an arrest violates the arrestee's Fourth Amendment rights.

■ Ms. Davis also adequately alleges a violation of the Fourth Amendment for Officer Kirby's failure to arrest her without a warrant. Davis alleges that the arrest took place in her home. Under *Payton v. New York*, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980), police officers may not effect certain nonemergency arrests in the arrestee's own home without a warrant.

B. *Action Under Color of State Law*

■ Since Ms. Davis properly alleges a deprivation of her federal rights, the court now turns to the second element necessary for a § 1983 claim, whether the deprivation was caused by a person acting under color of state law. The first question raised by Officer Kirby in this regard is whether Ms. Davis must plead something similar to "Officer Kirby was acting under color of state law" in order to state a claim under § 1983. The short answer to this is no. As long as the court may reasonably infer from the facts alleged that the defendant was acting under color of state law, the plaintiff has successfully alleged this element of a § 1983 claim.

Officer Kirby next contends that Ms. Davis's allegations do not show that Kirby was acting under color of state law, as Davis fails to specify that Kirby was on duty or acting officially. Officer Kirby attempts to elevate form over substance. As the Sixth Circuit artfully stated: "The fact that a police officer is on or off duty, or in or out of uniform is not controlling. 'It is the nature of the act performed, not the clothing of the actor or even the status of being on duty, or off duty, which determines whether the officer has acted under color of law.'" *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir.1975), *cert. granted*, 425 U.S. 910, 96 S.Ct. 1505, 47 L.Ed.2d 760,

*cert. dism'd as improvidently granted*, 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976) (quoting *Johnson v. Hackett*, 284 F.Supp. 933, 937 (E.D.Pa.1968).

The Seventh Circuit has a similar focus when analyzing whether a defendant is acting "under color of state law." In *Greco v. Guss*, 775 F.2d 161 (7th Cir.1985), the record did not reveal whether a deputy sheriff who served a distraint warrant was on or off duty at the time of service. In concluding that the deputy was acting under color of state law, the court cited with approval a litany of federal cases that disregarded mere labels and examined the circumstances surrounding the deprivation. *Id.* at 168–69. The court also cited its own decision in *Davis v. Murphy*, 559 F.2d 1098 (7th Cir.1977), which held that an off-duty officer could still act under color of state law. In *Davis*, the defendants identified themselves as police officers, carried their badges and guns and were required by department regulations always to be on or subject to duty.

■ Ms. Davis's complaint plainly describes a police officer acting in her official capacity as a police officer. Paragraph 2 of the complaint states: "Debra Kirby is and was at all times relevant hereto, a duly-appointed and acting police officer employed by the City of Chicago." She allegedly was riding in a police squad car and was in uniform. Officer Kirby questioned Ms. Davis concerning the registration on her car and used the police squad car telephone to access the police computer system, both of which are standard police work. The Blue Island police officers interacted with Officer Kirby and treated her as acting in her official capacity. Finally, and perhaps most importantly, Officer Kirby ordered Ms. Davis to accompany her to the Fifth District station. She was present when Ms. Davis was brought before the front desk. There is no doubt, on the facts alleged, that Officer Kirby was not acting "in the ambit of [her] personal pursuits," *Screws v. U.S.*, 325 U.S. 91, 111, 65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945), but her actions were committed in the performance of actual duty. *Cf. Bonsignore v. City of*

*New York*, 683 F.2d 635 (2nd Cir.1982) (police officer shot his wife off-duty, in the circumstances of a purely personal, domestic matter and the court found his act was "not committed in the performance of any actual or pretended duty" and therefore found no action under color of state law).

Officer Kirby's final argument is that even if she was on-duty and in uniform at the time of the incident, she was outside of her jurisdiction—recall that she allegedly arrested Ms. Davis in Blue Island, not Chicago—and therefore was not acting under color of state law. Officer Kirby relies on *Firman v. Abreu*, 691 F.Supp. 811, 813 (S.D.N.Y.1988), where the court held that when a peace officer has "no colorable authority to act in the jurisdiction in which he purports to act," he or she has not acted under color of state law. Kirby also relies on *Askew v. Bloemker*, 548 F.2d 673, 677 (7th Cir.1976), a case to the same effect as *Firman*.

 Officer Kirby's reliance on these cases is misplaced. First, *Firman* and *Askew* involved competing jurisdictions in two separate states. In *Firman*, a New York police officer performed an allegedly illegal act in New Jersey; in *Askew*, the police officer was from Missouri, on assignment in Illinois. In this case, all of the defendants' actions occurred in Illinois. Arrests made by police officers employed by Illinois municipalities outside of the employing municipality but within Illinois borders are not invalid on grounds of being outside the officers' jurisdiction. See Ill.Rev.Stat. ch. 38, § 107–5(c) (1987); *People v. Durham*, 71 Ill.App.3d 725, 28 Ill.Dec. 350, 390 N.E.2d 517 (1979); *People v. Weaver*, 100 Ill.App.3d 512, 55 Ill.Dec. 853, 426 N.E.2d 1227 (1981). Under the facts alleged in Ms. Davis's complaint, Officer Kirby was acting under color of state law when she arrested and detained Davis.

### COUNT II

 Count II purports to be a claim for false imprisonment. Officer Kirby's sole reason for dismissing it is that it is unclear whether Ms. Davis claims false imprisonment in violation of her federal rights or the common-law tort of false imprisonment. Officer Kirby never suggests, however, that Ms. Davis has failed to state either cause of action in Count 2, the only ground upon which this court could dismiss Count 2 under Rule 12(b)(6). Indeed, Ms. Davis has stated a claim of false imprisonment under federal law, for to the extent that Officer Kirby arrested Ms. Davis without probable cause or a warrant, she falsely held Ms. Davis in violation of the Fourth Amendment. The court will leave discussion of whether Ms. Davis has adequately alleged the tort of false imprisonment for another occasion.

### CONCLUSION

Officer Kirby's motion to dismiss Counts 1–2 of Ms. Davis's complaint is denied.