BELCHER *v.* STENGEL ET AL.

No. 75–823. Argued November 2, 1976—Decided November 30, 1976

*Robert A. Bell* argued the cause for petitioner. With him on the brief were *John L. Francis* and *Patrick M. McGrath.*

*John H. Lewis* argued the cause and filed a brief for respondents.*

PER CURIAM.

This case grew out of a barroom affray in Columbus, Ohio, in the course of which the petitioner, an off-duty Columbus police officer, shot and killed two people and permanently disabled a third. The injured victim and the representatives of the deceased victims, who are the respondents here, brought an action against the petitioner in a Federal District Court under 42 U. S. C. § 1983.[1] A jury awarded them monetary

---

*Solicitor General Bork, Assistant Attorney General Pottinger,* and *Walter W. Barnett* filed a brief for the United States as *amicus curiae* urging affirmance.

*Michael E. Geltner, Melvin L. Wulf, Joel M. Gora, Stanley K. Laughlin,* and *Nelson G. Karl* filed a brief for the American Civil Liberties Union et al. as *amici curiae.*

[1] Section 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

damages, and the judgment based upon that verdict was affirmed by the United States Court of Appeals for the Sixth Circuit. 522 F. 2d 438.

The petition for certiorari, which we granted on April 5, 1976, 425 U. S. 910, presented a single question:

> "Does the fact that an off-duty police officer, out of uniform, is required by police department regulation to carry a weapon at all times, establish that any use of that weapon against the person of another, even though the officer is engaged in private conduct at the time, [is] an act 'under color of law' within the meaning of 42 U. S. C. § 1983?" [2]

The case having now been fully briefed and orally argued, it appears that the question framed in the petition for certiorari is not in fact presented by the record now before us. For in addition to the said police department regulation, there was evidence before the jury that showed: (1) The petitioner had been awarded workmen's compensation benefits for the injuries he had received in the affray, on the ground that the injuries had been incurred in the course of his employment; (2) the petitioner, after the affray, had been granted official leave on account of injuries received "in line of duty under circumstances relating to Police duties"; (3) a Board of Inquiry convened to investigate the barroom episode had determined that the petitioner's "actions were in the line of duty."

Now that plenary consideration has shed more light on this case than in the nature of things was afforded at the time the petition for certiorari was considered, we have concluded that the writ should be dismissed as improvidently

---

[2] At no time during this litigation has the petitioner questioned the respondents' claim that, if the petitioner was acting "under color of law," there was a deprivation of the respondents' "rights, privileges, or immunities secured by the Constitution and laws" within the meaning of 42 U. S. C. § 1983.

granted. See *The Monrosa* v. *Carbon Black, Inc.,* 359 U. S. 180, 183–184 (1959).

*It is so ordered.*

Mr. Chief Justice Burger, concurring.

I join the opinion of the Court. I note, however, several additional factors which came to light during plenary consideration of the case and which were not disclosed in the petition for certiorari. The three factors mentioned by the Court, *ante,* at 119, as tending to prove that the police officer acted in the course of his duties, are determinations made *after* the incident in question. There are, however, at least three contemporaneous factors, in addition to possession of the gun, which colored the officer's conduct as official: (1) The officer testified that he had formed an intention that he would arrest at least two of the men when he stood up to intervene in the altercation; (2) he intervened by using a can of mace issued to him by the police department; (3) he was acting pursuant to a police regulation which required his intervention in any disturbance of the peace, whether he was on or off duty.

These factors seem to me important because of the possible negative inference otherwise created that the only objective fact at the time of the incident evidencing state action was the presence of the state-required gun. While, of course, subsequent determinations by state officials, such as mentioned by the Court, are important evidence of state action, they could not transform something into state action that otherwise would be deemed to be private conduct. Thus, it is unclear what the result would have been had the only contemporaneous evidence of state action been the presence of the state-required gun. I wish to make it clear that the Court is not passing on that question today, because it is not presented by the record in this case.