**Eco AVILA, a/k/a Nelson Hernandez, Plaintiff,**

v.

**David KNIGHT et al., Defendants.**

**No. 77 Civ. 189 (LBS).**

United States District Court, S. D. New York.

Aug. 30, 1979.

Stacy Caplow, Brooklyn, N. Y., for plaintiff.

Mark L. Schwartz, Asst. Corp. Counsel, New York City, for defendants.

SAND, District Judge.

In this case, we deal with a civil action brought pursuant to 42 U.S.C. 1983 and the Eighth and Fourteenth Amendments to the Constitution of the United States. The plaintiff, Avila, was an inmate in the New York House of Detention for Men on Riker's Island. Avila seeks damages and equitable relief, claiming that he was unjustifiably assaulted by David Knight, a corrections officer, and subsequently subjected to inhuman conditions in punitive segregation.

He contends that when he saw Knight and another inmate arguing, he intervened in an effort to settle the dispute without violence. Defendant Knight, however, claims that he struck Avila in self-defense, and also alleges that Avila had intervened with the intent of causing violence. In his pretrial deposition, defendant Knight denied having any knowledge of Avila's alleged acts of prior assault or violence.

The defendants seek to offer into evidence under Rule 404(b) of the Federal Rules of Evidence Avila's prior criminal and institutional records in order to show the plaintiff's motive and intent during the incident with Knight. This record includes numerous episodes of assault and battery for which Avila was either convicted or was subjected to institutional punishment. Avila, however, argues that the evidence sought to be admitted should be precluded.

Rule 404(b) provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Advisory Committee's Note to Rule 404(b) explains that no "mechanical solution" is offered the judge for determining when evidence may be admissible under the rule. The Advisory Committee's Note indicates that "the determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other facts appropriate for making decisions of this kind under Rule 403." [1] One commentator has observed that the result "in each case . . . (under the rule) . . . is dependent on the particular facts the court is assessing"; the judge must weigh prejudice against the *"incremental probative value* of the proof." 2 *Weinstein's Evidence,* ¶ 404[10] (1979) (emphasis added).

We conclude that the plaintiff's prior criminal and institutional records should not be admitted into evidence because their incremental probative value is outweighed by prejudice. In making this determination, we are particularly aware of the nature of the "other means of proof" that are available in this case. We note that the defendant has several witnesses ready to offer direct evidence concerning the incident.[2] Thus, the impact of the proffered circumstantial character evidence, namely, the prior criminal and institutional records, would be cumulative. *Stengel v. Belcher,* 522 F.2d 438, 442 (6th Cir. 1975), *cert. dismissed,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976).[3] We also hold that the proffered evidence is not admissible on the issue of self-defense because at the time of the incident, defendant Knight had no knowledge of Avila's alleged acts of prior assault or violence. *Id.* The defendant does not contend that the proffered evidence is in any way relevant to plaintiff's post-incident treatment.

Finally, our decision to exclude the evidence in question has been informed by the knowledge that the jury will be aware of Avila's prisoner status.

SO ORDERED.

---

1. Rule 403 states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

2. Following this opinion, the case proceeded to trial on Sept. 4 and 5, 1979 and these witnesses testified for the defendant Knight. The jury returned a verdict in his favor.

3. *Stengel,* a 1975 case decided shortly after the Federal Rules of Evidence became effective, dealt with an evidentiary issue very similar to the one in the present case. *Stengel,* however, was decided under Rule 403.