Johnny Ray LAYNE, Plaintiff-Appellant,

v.

Richard SAMPLEY, Defendant-Appellee.

No. 78–1495.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1980.

. Decided Aug. 11, 1980.

Alec Garland, Harold Fisher, Manchester, Tenn., for plaintiff-appellant.

J. Harvey Cameron, Kelly, Leiderman, Cameron, Kelly & Graham, Jasper, Tenn., for defendant-appellee.

Before EDWARDS, CELEBREZZE and KENNEDY, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

Plaintiff Layne appeals from a judgment notwithstanding the verdict in this action brought pursuant to 42 U.S.C. § 1983. The District Court held that there was no evidence to support a finding that when defendant-appellee Sampley, a police officer, shot and wounded Layne he was acting under color of state law, a jurisdictional requirement. We reverse and order reinstatement of the jury's verdict.

Three days before the shooting, officer Sampley was called to Layne's house to investigate a complaint of a domestic disturbance. Apparently this caused bad feelings between the two for later that day, Layne called police headquarters to threaten Sampley. When he was unable to reach him, he told the dispatcher to tell Sampley he would "fix him" in his own time and place. On June 19, 1976, Layne spotted Sampley in civilian clothes, sitting in his own car with his wife at his side, talking to other police officers, and passing a revolver around. At this time, although Sampley had been on vacation several days, he was in possession of his service revolver, which was his own property and which he was authorized but not required to carry when off-duty. Permission to carry a handgun in Tennessee is extended only to law enforcement officers. Tenn.Code Ann. § 39–4902. Layne came up between the two cars and told Sampley, "Richard, I heard you was going to shoot me." Sampley replied, "I heard it the other way around." The testimony of what then occurred is in dispute. Layne said that he did nothing suspicious and that he was wearing very tight clothing which would have revealed the presence of any weapon. Sampley testified he saw

Layne move to the back of the car and make a movement that caused Sampley to think he was going for a gun. Sampley then shot Layne in the stomach with a .35 caliber revolver from a distance of three to four feet. Layne survived but testified to resulting permanent physical difficulties.

The jury awarded appellant $16,000 in compensatory damages. The District Judge set the verdict aside in an opinion stating that the only evidence arguably supportive of a finding that the officer had acted under color of state law was that the animosity grew out of Sampley's performance of his official duties and the weapon was one used in the performance of his police work. This he held to be insufficient.

■ It is clear that whether or not a police officer is off-duty does not resolve the question of whether he or she acted under color of state law. *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975), *cert. dismissed*, 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976); *cf. Ellis v. Jordan*, 571 S.W.2d 635, 638 (Ky.App.1978), *appeal denied* (Ky.1978); *Lexington v. Gray*, 499 S.W.2d 72 (Ky.App.1973). Rather, it is necessary to scrutinize the nature of the act. *Monroe v. Pape*, 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Dept. of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Payne v. District of Columbia*, 559 F.2d 809, 824 n.9 (D.C.Cir. 1977); *Stengel, supra*. Although in certain cases, it is possible to determine the question whether a person acted under color of state law as a matter of law, *Palmer v. Columbia Gas Co.*, 342 F.Supp. 241, 244 (N.D.Ohio 1972), *aff'd*, 479 F.2d 153 (6th Cir. 1973), *implicitly overruled on other grounds, Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974), there may remain in some instances "unanswered questions of fact regarding the proper characterization of the actions" for the jury to decide. *Rowe v. Tennessee*, 609 F.2d 259, 265 (6th Cir. 1979); *Stengel, supra; Palmer, supra.*

■ In this case, the trial judge fully instructed the jury of the meaning of color of law and related issues. The fact that Sampley had authority to carry the weapon only because he was a police officer, that the argument's genesis was unquestionably in the performance of police duties, and that the threat was received through a police agency raised a question for the jury whether Sampley was acting under color of state law. When this is added to other facts such as that Layne found Sampley with a revolver in the company of police officers and did not know he was on vacation, it appears that the jury's verdict is supported by evidence in the record and should not have been set aside.

For the foregoing reasons, the judgment of the District Court is reversed with instructions to reinstate the jury verdict.