No. 79-106

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

MARJORIE C. SWANSON,

Plaintiff and Appellant,

vs.

ST. JOHN'S LUTHERAN HOSPITAL,
a Montana Corporation,

Defendant and Respondent.

Appeal from: District Court of the Nineteenth Judicial District,
In and for the County of Lincoln.
Honorable Robert C. Holter, Judge presiding.

Counsel of Record:

For Appellant:

Fennessy, Crocker and Harman, Libby, Montana

For Respondent:

Smith Law Firm, Helena, Montana
Williams and Sverdrup, Libby, Montana

Submitted on briefs: April 24, 1980

Decided: AUG 13 1980

Filed: AUG 13 1980

Thomas J. Kearney
_____ Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

Plaintiff Marjorie Swanson originally brought this action under Montana's "Conscience Law," section 50-5-504, MCA, in the Lincoln County District Court. Judgment was entered in favor of defendant. The judgment was reversed and remanded by this Court in June 1979. Swanson v. St. John's Lutheran Hospital (1979), ____ Mont. ____, 597 P.2d 702, 36 St.Rep. 1075. On remand, the District Court awarded damages totaling $11,950.86. Plaintiff brings this appeal from the damage award, and defendant cross-appeals.

Plaintiff's employment as a nurse-anesthetist was terminated on August 24, 1977, by defendant hospital for plaintiff's refusal to participate in a tubal ligation. Plaintiff had been employed by the hospital for eight years prior to her dismissal and had eight years remaining until retirement. At the time of her discharge, she had slightly more than seven months remaining on her employment contract. On the initial appeal, this Court found that she was entitled to "monetary damages for injuries suffered" under section 50-5-504(2), MCA. We remanded the case stating, "[i]t is the function of the District Court to determine the amount of and kind of monetary damages to which she is entitled." 597 P.2d at 711.

The District Court awarded damages equal to the amount of wages plaintiff would have received for the seven months remaining on her employment contract plus insurance benefits mitigated by wages she received in another job during the period.

While a variety of issues have been raised by this appeal and cross-appeal, the following issue is dispositive:

Did the District Court err in the manner and amount it chose to award damages?

Plaintiff contends on appeal that tort and exemplary damages should have been awarded. Defendant contends on cross-appeal that the amount of wages awarded should have been reduced by the amount of payroll taxes which would have been deducted from the wages and by the amount of unemployment compensation received by plaintiff.

Section 50-5-504, MCA, provides:

"Unlawful to interfere with right of refusal. (1) It shall be unlawful to interfere or attempt to interfere with the right of refusal authorized by this part, whether by duress, coercion, or any other means.

"(2) The person injured thereby shall be entitled to injunctive relief, when appropriate, and shall further be entitled to monetary damages for injuries suffered." (Emphasis supplied.)

While no case in Montana has construed this statute, the intent of the legislature is clear. The statute is designed at the outset to prevent unlawful actions under this section through injunction, where appropriate, and further to monetarily compensate persons who suffer injuries as a result of said unlawful actions. This law creates a statutory right to receive damages above and beyond the employment contract. As such, there is no specific theory set forth for determining damages (e.g., contract or tort) as is argued by the parties here. The legislature instead sought to compensate injured persons no matter what form the injuries took. Its effect is similar to 42 U.S.C. §1983, which is derived from §1 of the Civil Rights Act of 1871. The basic purpose of a §1983 damages award is to compensate persons for injuries caused by the deprivation of constitutional rights. Carey v. Piphus (1978), 435 U.S. 247, 254, 98 S.Ct. 1042, 55 L.Ed.2d 252.

In _Carey_ the United States Supreme Court provided an excellent discussion of the application of the compensation theory to a §1983 action. It stated:

> ". . . Rights, constitutional and otherwise, do not exist in a vacuum. Their purpose is to protect persons from injuries to particular interests, and their contours are shaped by the interests they protect.
>
> "Our legal system's concept of damages reflects this view of legal rights. 'The cardinal principle of damages in Anglo-American law is that of compensation for the injury caused to plaintiff by defendant's breach of duty.' [Authority omitted.] The Court implicitedly has recognized the applicability of this principle to actions under §1983 by stating that damages are available under that section for actions 'found . . . to have been violative of . . . constitutional rights <u>and</u> <u>to</u> <u>have</u> <u>caused</u> <u>compensable</u> <u>injury</u>.' . . .
>
> ". . . To the extent that Congress intended that awards under §1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages. [Citation omitted.]
>
> "It is less difficult to conclude that damages awards under § 1983 should be governed by the principle of compensation than it is to apply this principle to concrete cases. But over the centuries the common law of torts has developed a set of rules to implement the principle that a person should be compensated fairly for injuries caused by the violation of his legal rights. These rules, defining the elements of damages and the prerequisites for their recovery, provide the appropriate starting point for the inquiry under § 1983 as well.
>
> "It is not clear, however, that common-law tort rules of damages will provide a complete solution to the damages issue in every § 1983 case. In some cases, the interests protected by a particular branch of the common law of torts may parallel closely the interests protected by a particular constitutional right. In such cases, it may be appropriate to apply the tort rules of damages directly to the § 1983 action. [Citations omitted.]
>
> "In other cases, the interests protected by a particular constitutional right may not also be protected by an analogous branch of the common law of torts. [Citations omitted.] In those cases, the task will be the more difficult one

of adapting common-law rules of damages to provide fair compensation for injuries caused by the deprivation of a constitutional right.

"Although this task of adaptation will be one of some delicacy--as this case demonstrates--it must be undertaken.  The purpose of § 1983 would be defeated if injuries caused by the deprivation of constitutional rights went uncompensated simply because the common law does not recognize an analogous cause of action.  [Citations omitted.]  In order to further the purpose of § 1983, the rules governing compensation for injuries caused by the deprivation of constitutional rights should be tailored to the interests protected by the particular right in question--just as the common-law rules of damages themselves were defined by the interests protected in the various branches of tort law.  We agree with Mr. Justice Harlan that 'the experience of judges in dealing with private [tort] claims supports the conclusion that courts of law are capable of making the types of judgment concerning causation and magnitude of injury necessary to accord meaningful compensation for invasion of [constitutional] rights.'  Bivens v. Six Unknown Fed. Narcotics Agents, supra, 403 U.S. at 409, 91 S.Ct. at 2011 (Harlan, J., concurring in judgment.)"  435 U.S. at 254-259.

Federal courts appear to generally agree that damages awards under §1983 should be determined by the compensation principle.  United States ex rel. Tyrrell v. Speaker (3rd Cir. 1976), 535 F.2d 823; Magnett v. Pelletier (1st Cir. 1973), 488 F.2d 33; Donovan v. Reinbold (9th Cir. 1970), 433 F.2d 738.  Furthermore, exemplary or punitive damages may be awarded in a proper case under §1983 with the specific purpose of deterring or punishing violations of constitutional rights.  Silver v. Cormier (10th Cir. 1976), 529 F.2d 161, 163-164; Stengel v. Belcher (6th Cir. 1975), 522 F.2d 438, 444 n. 4, cert. dismissed 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269.

Montana follows a similar compensatory scheme for awarding damages.  There is no question that in Montana every person who suffers detriment from the unlawful act or omission of another may recover damages from the person at

fault. Section 27-1-202, MCA. An injured person is also entitled to receive compensation for future damages which are shown to be reasonably certain. Section 27-1-203, MCA; Frisnegger v. Gibson (1979), ___ Mont. ___, 598 P.2d 574, 36 St.Rep. 1335. Further, in any action for breach of an obligation not arising from contract where the defendant has been guilty of oppression, fraud or malice, actual or presumed, exemplary damages may be allowed. Section 27-1-221, MCA.

Based on the above cases and statutes, we find that a compensation theory is to be used when determining damages under section 50-5-504, MCA. Therefore, with these principles in mind, we now turn to the problem of compensation in the case at hand.

During the hearing on damages evidence was introduced concerning the amount of wages and benefits plaintiff would have received during the remainder of her contract. The District Court also heard evidence concerning plaintiff's projected future earnings had she remained employed at the hospital until her retirement in 1987. There was no evidence introduced as to punitive damages, nor was there evidence introduced as to mental distress. The District Court ultimately awarded plaintiff $11,950.86. This amount is the equivalent of what she would have received in wages and benefits, less certain mitigating factors, during the remainder of her 1977-1978 contract.

No reasons were given as to the court's decision not to grant future damages. We must, however, assume that the District Court was aware that it had the power to grant future damages under section 27-1-203, MCA, and Frisnegger v. Gibson, supra. Therefore, we can only conclude that, in

its opinion, the District Court did not feel that the future damages, as claimed by plaintiff, were reasonably certain to occur. It was properly within the District Court's discretion to make this determination, and we cannot hold that it was error for the court to refuse to grant future damages.

Plaintiff's claim for exemplary damages, as well as her claim for damages for mental distress, must fail. Plaintiff did not introduce any evidence of either at the District Court level, and the matter is not properly before this Court on appeal. This does not imply an approval or disapproval of such claims; there is simply nothing in the record to support them. As stated earlier, exemplary damages, as well as damages for mental distress or any other injury susceptible of proof, may be awarded in a proper case under section 50-5-504, MCA. We see no particular difficulty in producing evidence to support a claim for exemplary damages under section 27-1-203, MCA, or to show that mental and emotional distress actually was caused by the defendant's actions. These are concepts familiar to the law, which can be proven in the case of exemplary damages by showing the defendant was guilty of oppression, fraud or malice, actual or implied, and in the case of mental distress by showing the nature and the circumstances of the wrong and its effect on plaintiff. In sum, although both are compensable under section 50-5-504, MCA, we hold that neither the likelihood of such improper behavior or injury nor the difficulty of proving either is so great to justify awarding exemplary or compensatory damages without proof that such improper behavior took place or that such injury actually occurred. As the record below provides no support for either, there is no basis for such an award in this case.

The supplemental statement by plaintiff in lieu of oral argument has been disregarded, and the matter decided exclusively on the briefs.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices