872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Casey D. STENGEL, Plaintiff-Appellant,
v.
Raymond L. BELCHER, et al., Defendants-Appellees.
 No. 88-3523.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1989.
 
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and BARBARA K. HACKETT, District Judge*.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant Casey Stengel appeals from the order of the district court denying his Fed.R.Civ.P. 42(a) motion to consolidate and Fed.R.Civ.P. 60(b) motions for relief from a judgment entered on June 18, 1974.
 
 
 2
 Stengel and two others originally filed this action in 1972 against the City of Columbus, Ohio ("the City"), Raymond Belcher, a police officer for the City, and various other defendants. It was assigned No. C-72-67. On March 19, 1973, the district court, following the state of the law at that time, held that the City, as a municipality, was not subject to suit under section 1983 and dismissed the claim against the City. The lawsuit proceeded to trial against the remaining defendants, and on June 18, 1974, a final judgment was entered for Stengel against defendant Belcher in the amount of $801,000. The judgment in favor of Stengel was affirmed by this court. Stengel v. Belcher, 522 F.2d 438 (6th Cir.1975). Stengel did not cross-appeal the district court's dismissal of the City.
 
 
 3
 The United States Supreme Court granted Belcher's petition for certiorari. However, when material facts omitted from Belcher's petition for certiorari came to light following plenary consideration, the Court concluded that it had improvidently granted certiorari and dismissed the writ. Belcher v. Stengel, 429 U.S. 118, 119 (1976).
 
 
 4
 In 1987 Stengel filed an additional action against Belcher and the City in an attempt to collect his judgment against defendant Belcher. That case, Stengel v. City of Columbus, No. C-2-87-1409, is currently on the docket of the Southern District of Ohio.
 
 
 5
 On April 15, 1988, Stengel filed a Rule 60(b) motion in Case No. 72-67 requesting that the court relieve him of the order dismissing the City as a party defendant. Stengel relies upon the holding in Monell v. New York City Department of Social Services, 636 U.S. 658 (1978), which overturned the previous case law and held that local governments are not absolutely immune from section 1983 claims. At the same time, Stengel filed a motion under Rule 42(a) to consolidate Case No. 72-67 with Case No. 2-87-1409. On May 11, 1988, the district court entered an order denying the relief requested by Stengel in both motions. Stengel filed a notice of appeal on June 8, 1988.
 
 
 6
 The principal issue on appeal is whether the district court abused its discretion in denying Stengel's Rule 60(b) motion filed approximately fifteen years after the judgment in question had been entered. We are of the view that under the facts and circumstances of this case, there was no abuse of discretion. See In re Salem Mortgage Co., 791 F.2d 456, 459 (6th Cir.1986), and Smith v. Secretary of Health & Human Services, 776 F.2d 1330, 1332 (6th Cir.1985).
 
 
 7
 Accordingly, upon consideration of the record, briefs, and after oral argument of counsel, we AFFIRM the judgment of the district court for the reasons stated in its Order filed May 11, 1988.
 
 
 
 *
 Honorable Barbara K. Hackett, United States District Judge for the Eastern District of Michigan, sitting by designation