875 F.2d 863
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry GARRETT and Doris Garrett, Plaintiffs-Appellants,
v.
Jim HUFFMAN and Robert Hamlin, Defendants-Appellees.
 No. 88-5778.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1989.
 
 Before KEITH, NATHANIEL R. JONES, and RALPH B. GUY, Jr., Circuit Judges.
 RALPH B. GUY, Jr., Circuit Judge.
 
 
 1
 Plaintiffs, Jerry and Doris Garrett, appeal from a summary judgment dismissing their 42 U.S.C. Sec. 1983 action. Upon a review of the record, we conclude that summary judgment was appropriate and affirm.
 
 I.
 
 2
 The plaintiffs are former employees of defendant Hamlin. After leaving his employ, the Garretts filed a claim with the Kentucky Department of Labor for unpaid wages. The claim was assigned to defendant Huffman for investigation. Huffman interviewed the Garretts and Hamlin in the course of his investigation and asked the parties for copies of any records on which they relied. The Garretts produced a number of records, but Hamlin produced none claiming that Doris Garrett, his former bookkeeper, had stolen all the relevant records.
 
 
 3
 Hamlin filed a complaint against the Garretts with the Danville, Kentucky, Police Department, and the matter was referred to George McClure, the Boyle County Attorney.[1] Coincidentally, the Garretts had earlier talked to McClure about their wage claim. He viewed it as a matter outside his jurisdiction and referred them to a private attorney. McClure talked to Hamlin and ultimately also talked to Huffman. McClure knew that the Garretts had some employment records in their possession because they told him so during their initial visit. Although it is not clear from the record who first made the suggestion, the decision was ultimately made to seek a search warrant for the records in the possession of the Garretts. The initial request for a warrant was denied by the court for the reason that the property to be seized was not described with sufficient specificity. McClure talked to Huffman who had seen the documents in the possession of the Garretts, and was able to describe them in sufficient detail so that a new warrant affidavit could be prepared. Huffman was named in the affidavit as a corroborating source of information. The warrant ultimately issued and was executed. Two cardboard boxes of records were seized, but after Hamlin failed to demonstrate that the records were his, they were returned to the Garretts.[2] Feeling aggrieved, the Garretts then instituted this lawsuit.
 
 II.
 
 4
 The gist of plaintiffs' theory of action is stated in their complaint:
 
 
 5
 3. The defendant Huffman at the instance of or in concert with the defendant Hamlin, and acting under color of state law in his position as an investigator for and employee of the Commonwealth of Kentucky, Department of Labor, procured the issuance of a warrant to search the plaintiffs' home and seize property allegedly stolen from the defendant Hamlin's various enterprises...."
 
 
 6
 (Appendix at A-1).
 
 
 7
 It is an essential element of a section 1983 action that a plaintiff demonstrate that whatever deprivation of rights occurred resulted from the defendant acting under color of law. Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970). The district judge concluded that Huffman's actions here were not taken under color of law and therefore a section 1983 action would not lie.[3] We agree with this conclusion. Contrary to what plaintiffs allege in their complaint, Huffman did not procure the issuance of a search warrant. It was the county attorney, McClure, who was responsible for the warrant being issued. It is, of course, a fact that Huffman provided information to McClure, but there is no allegation or indication that the information he provided was false. He merely described what he had seen and, in fact, the records seized matched this description. The fact that Hamlin ultimately made no claim to these records does not mean that Huffman's conduct was wrongful.
 
 
 8
 Plaintiffs suggest that Huffman and Hamlin were friends, and that the whole search warrant incident was merely a ploy to aid in the defeat of the Garretts' wage claim. There are several problems with this argument. First, although at some time in the distant past Huffman had worked briefly for Hamlin, it is an unsupported conclusion that, as a result of this, Huffman was improperly aiding Hamlin. Second, it is not clear how the county attorney's seizure of the Garretts' records would have negatively impacted on their wage claim unless the police had improperly taken the records and the records demonstrated the Garretts had no claim. Most significantly, however, is that section 1983 is designed to guard against the "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law...." Monroe v. Pape, 365 U.S. 167, 184 (1961). Because one holds a job with the state does not make his every action one done under "color of law" within the context of section 1983. Huffman played no role here that could not have been played by any lay person. He did not use or abuse his power as Labor Department investigator. He merely made a factual report to the county attorney. "It is the nature of the act performed, not the clothing of the actor ... which determines whether [a public official] has acted under color of law." Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir.1975) (quoting Johnson v. Hackett, 284 F.Supp. 933, 937 (E.D.Pa.1968)), cert. dismissed, 429 U.S. 118 (1976).[4]
 
 
 9
 AFFIRMED.
 
 
 10
 NATHANIEL R. JONES, Circuit Judge, concurring.
 
 
 11
 I concur in the majority's conclusion that summary judgment was properly granted in the defendants' favor; however, I cannot agree with the majority's determination that, as a matter of law, defendant Huffman was not acting under color of state law when he participated in the criminal investigation against the Garretts. First of all, had Huffman not been cloaked with the authority of the state, he would never have had an opportunity to inspect the Garretts' records, and therefore would never have been in a position to corroborate Hamlin's allegations. Second, Huffman did not give his statement to the police until his superiors at the Kentucky Department of Labor ("KDL") advised him to cooperate in the investigation. Third, when asked by County Attorney McClure to sign an affidavit memorializing his statements, Huffman said that "it was not his policy or the agency's policy" to sign such affidavits. Appendix to Appellant's Br. at 11. Given these facts, I am inclined to believe that Huffman was acting under color of state law in participating in the criminal investigation against the Garretts. Therefore, I cannot agree with the majority's decision on this issue.
 
 
 12
 I would affirm the district court's judgment upon the more fundamental ground that the Garretts have not borne their burden of production under Fed.R.Civ.P. 56(e). The only evidence in this case permitting an inference of collusion between the defendants is the fact that Huffman told Hamlin about the records he had seen, and agreed to give a statement to the police. However, Sergeant Ed Alsman of the Danville Police Department also requested Huffman to provide such a statement, and Huffman refused to do so before contacting his superiors at the KDL. Moreover, McClure stated that some of the records that were seized from the Garretts' home appeared to have been originals, just as Huffman said in his statement to the police. See Appendix to Appellants' Br. at 12. Since the Garretts are alleging that an illegal conspiracy existed between the defendants, they are required to set forth specific, material facts supporting their claim. Cf. Gutierrez v. Lynch, 826 F.2d 1534, 1538 (6th Cir.1987) ("conspiracy claims must be pled with some degree of specificity and ... vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Sec. 1983"). Because the Garretts have failed to produce any such evidence, I believe that summary judgment was properly granted for the defendants.
 
 
 
 [1]
 As county attorney, McClure has misdemeanor prosecutorial jurisdiction only
 
 
 [2]
 No criminal action was ever instituted against the Garretts
 
 
 [3]
 Since Hamlin was not a state actor, he would not be a proper defendant in a section 1983 action unless he was shown to be acting in concert with one wrongfully proceeding under color of law
 
 
 [4]
 Although the issue was not raised below or on appeal, we also note that there is serious question as to the sufficiency of plaintiffs' allegations of conspiracy. In the context of a section 1983 action, we stated in Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987): "It is well settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under Sec. 1983. (Citation omitted). Here, plaintiffs' allegations appear to suffer from the same deficiency noted by the court in Gutierrez