**Tracy Lee REMBERT, Plaintiff,**

v.

**C. HOLLAND, Ronald Schultz, John Doe, Jim Doe, and Jack Doe, Defendants.**

**No. G88–191 CA1.**

United States District Court, W.D. Michigan, S.D.

April 20, 1990.

**734**

Max R. Hoffman, Jr., Farhat, Story & Krause, P.C., East Lansing, Mich., for plaintiff.

Richard M.C. Adams, Asst. Atty. Gen., Lansing, Mich., for defendants.

## MEMORANDUM OPINION

ROBERT HOLMES BELL, District Judge.

Plaintiff is a prisoner in the custody of the Michigan Department of Corrections. He brings this action under 42 U.S.C. § 1983, alleging defendant corrections officers twice subjected him to cruel and unusual punishment in violation of the Eighth Amendment. Defendants move for summary judgment.

Plaintiff alleges that on March 30, 1986, shortly after 10:00 p.m., Officer C. Holland came to his cell at the State Prison of Southern Michigan after having completed his duties on the 2:00–to–10:00 p.m. shift. A verbal altercation between the two men ensued, allegedly involving harassment by Holland provoked by plaintiff's rejection of Holland's sexual demands. It culminated, according to plaintiff, when Holland threw a cup full of urine and feces into plaintiff's cell, at him and his property. Holland then reported to defendant Sergeant Ronald Schultz that plaintiff had thrown urine and feces at him. Schultz observed wet stains on Holland's clothing and with the assistance of three unidentified corrections officers removed plaintiff to an administrative segregation "quiet" cell. Though he did not resist the move, once placed in the quiet cell, plaintiff alleges Schultz and the others pushed, punched and kicked him for five minutes, causing bruises, a bloody nose, chafed wrists, and a bump on his head. Plaintiff contends both incidents constitute cruel and unusual punishment, as well as assault and battery under state tort law. Defendants' motion for summary judgment challenges the federal claims only.

Defendants' motion asks the Court to evaluate the factual support for plaintiff's claims. The Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). The Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–53, 106 S.Ct. 2505, 2511–13, 91 L.Ed.2d 202 (1986). If defendants carry their burden of showing there is an absence of evidence to support a claim, then plaintiff must demonstrate by affidavits, depositions, answers to interrogatories, and

admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). An issue of fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for plaintiff. *Anderson, supra,* 477 U.S. at 248, 106 S.Ct. at 2510. An issue of fact concerns "material" facts only if establishment thereof might affect the outcome of the lawsuit under governing substantive law. *Id.* A complete failure of proof concerning an essential element of plaintiff's case necessarily renders all other facts immaterial. *Celotex, supra,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Moreover, production of a "mere scintilla of evidence" in support of an essential element will not forestall summary judgment. *Anderson,* 477 U.S. at 251, 106 S.Ct. at 2511. Plaintiff must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita, supra,* 475 U.S. at 586, 106 S.Ct. at 1356, for the Court has discretion to grant the motion if the claim is, in the factual context, "implausible." *Id.,* at 587, 106 S.Ct. at 1357; see also *Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1480 (6th Cir. 1989).

### A

First, defendants challenge the claim that defendant Holland inflicted cruel and unusual punishment upon plaintiff.[1] Defendants deny plaintiff's version of the incident,[2] and contend that, even if plaintiff's version be accepted as true, the evidence would not support a finding that plaintiff was punished under color of state law.

In complaining of the altercation with defendant Holland, plaintiff does not allege the totality of the conditions of his confinement amounts to a deprivation of life's necessities. See *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *Wilson v. Seiter,* 893 F.2d 861, 864 (6th Cir.1990). Instead, he focuses on the isolated incident and asserts Holland applied force not in a good faith effort to discipline, but "maliciously and sadistically for the very purpose of causing harm." *Whitley v. Albers,* 475 U.S. 312, 320–21, 106 S.Ct. 1078, 1084–85, 89 L.Ed.2d 251 (1986), quoting *Johnson v. Glick,* 481 F.2d 1028, 1033 (2nd Cir.1973) *cert. denied sum nom. John v. Johnson,* 414 U.S. 1033, 94 S.Ct. 462, 38 L.Ed.2d 324 (1973).

That unnecessary and wanton infliction of pain may constitute cruel and unusual punishment is well established. *Whitley, supra; McHenry v. Chadwick,* 896 F.2d 184, 187 (6th Cir.1990). Yet, even assuming plaintiff's version of the altercation is true, and even assuming plaintiff suffered "pain" of a sort cognizable under the Eighth Amendment, such offense is actionable under 42 U.S.C. § 1983 only if Holland acted under color of state law.[3]

The term, "action taken under color of state law" has been defined as "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monroe v. Pape,* 365 U.S. 167, 184, 81 S.Ct. 473, 482, 5 L.Ed.2d 492 (1961), *overruled on other grounds, Monell v. Dep't of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Hughes v. Halifax County School Board,* 855 F.2d 183, 186 (4th Cir.1988). Acts of public offi-

---

1. Defendant Holland is now deceased. However, no suggestion of death has been made upon the record, as required by Fed.R.Civ.P. 25(a), and no motion for substitution of parties has been made. Nonetheless, the oversight is immaterial in view of the present disposition.

2. Immediately after the incident, Holland charged plaintiff with a major misconduct violation, to wit: assault and battery, for throwing a cup of feces at him. After a hearing, plaintiff was found not to be credible and was found guilty of the charge. His request for rehearing was denied.

3. Section 1983 provides in pertinent part:

   Every person who, under color of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

cers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983. *Stengel v. Belcher,* 522 F.2d 438, 441 (6th Cir.1975), *cert. dismissed,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976). The fact that an officer is on or off duty, or in or out of uniform is not controlling; it is the nature of the act performed which must be scrutinized and which determines whether the officer acted under color of law. *Id.,* 522 F.2d at 441; *Layne v. Sampley,* 627 F.2d 12, 13 (6th Cir.1980).

■ Here, plaintiff can be deemed to have sustained a cognizable injury only if his version of the altercation is accepted as true. However, if plaintiff be believed, it is clear defendant Holland was not exercising power conferred by state law, but was pursuing his own personal interests. According to plaintiff's version, and this fact is only corroborated and not controverted, Holland was off-duty when he came to plaintiff's cell. This fact is not dispositive, but is consistent with the impression that Holland was not acting officially. The alleged sexual demands, which plaintiff says he rejected, provoking Holland's assaultive response, can only have been made in pursuit of personal, not governmental, interests. The alleged retaliatory act of throwing feces and urine at plaintiff was clearly not done in furtherance of any legitimate penological or disciplinary purpose on behalf of the Department of Corrections, but can only have been a blatant and malicious act of assault by one person against another for purely personal reasons.

Accepting plaintiff's allegations as true and giving plaintiff the benefit of all reasonable inferences that may be drawn from the filings of record, Holland's conduct does "shock the conscience," and may be characterized as the "unnecessary and wanton infliction of pain." *Johnson v. Glick, supra,* 481 F.2d at 1033. Scrutinizing the nature of the alleged conduct, however, compels the conclusion, as a matter of law, that Holland did not act under color of law. Since action under color of state law

is an essential element of plaintiff's claim against Holland, the absence of evidence thereof renders all other facts immaterial. *Celotex, supra,* 477 U.S. at 322–23, 106 S.Ct. at 2552–53. Hence, there is no genuine issue as to any material fact and defendant Holland is entitled to judgment as a matter of law.

## B

■ Defendants also challenge the factual basis for plaintiff's claim that defendant Schultz and others pushed, punched and kicked him for five minutes without provocation or justification. The claim is directly refuted by Schultz's affidavit, indicating no force was needed to move plaintiff to the quiet cell because he did not resist; therefore, none was used. Schultz maintains that plaintiff sustained no injury as a result of the move. This is corroborated by the Department of Corrections health record, which, notwithstanding examination of plaintiff by a nurse as soon after the alleged incident as April 2, 1986, reflects no complaint or injury or any need for medical attention until August 12, 1986, when a skin rash was noted and treated. Essentially, defendants contend that viewing plaintiff's allegations, supported only by his own nonspecific affidavit,[4] in the context of other evidence, unavoidably reveals that his claim is implausible.

The governing substantive law is summarized in *McHenry v. Chadwick,* 896 F.2d 184, 187 (6th Cir.1990):

[T]he law in the Sixth Circuit is clear. In *Parrish v. Johnson,* 800 F.2d 600 (6th Cir.1986), this court recognized that in the prison context, good faith use of physical force may be necessary to maintain prison security and discipline, however:

"A violation of the Eighth Amendment nevertheless will occur if the infliction of pain upon a prisoner is both unnecessary and wanton. In determining whether a prisoner's claim rises to this level, the reasons or motivation for the

---

**4.** Plaintiff's one-page affidavit merely adopts by reference representations made by counsel in his brief in opposition to the motion for summa-

ry judgment. It hardly complies with the form requirements of Fed.R.Civ.P. 56(e).

conduct, the type and excessiveness of the force used, and the extent of the injury inflicted should be considered." *Id.* at 604–06 (citations omitted). Likewise, in *Lewis v. Downs*, 774 F.2d 711 (6th Cir.1985), this court held that a serious or permanent injury was not prerequisite to a claim under 42 U.S.C. § 1983, however, in determining whether or not a constitutional violation had occurred, "all the facts and circumstances surrounding the application of force must be scrutinized and weighed." *Id.* at 714.

The Sixth Circuit also observed in *Parrish v. Johnson, supra*, 800 F.2d at 604, that not every intrusion into a prisoner's bodily integrity, not every push or shove, rises to the level of a constitutional violation. Physical contact which may be actionable as an assault or battery at common law may not violate the Eighth Amendment at all. *Id.* In determining whether the constitutional line has been crossed, the Court's retrospective analysis "must be carefully circumscribed to take into account the nature of the prison setting in which the conduct occurs and to prevent a prison official's conduct from being subjected to unreasonable *post hoc* judicial second-guessing. *Id.* at 605.

Defendants deny that force was needed or used when plaintiff was moved to the quiet cell. Even assuming some force was used, however, defendants contend that scrutiny of all the facts and circumstances indicates it is not plausible that plaintiff was subjected to treatment so abusive as to rise to the level of a constitutional violation.

Plaintiff's version of the incident, itself devoid of specifics, is totally uncorroborated. Apparently, no one else witnessed the alleged beating. The medical records bear no indication of any injury. Plaintiff contends he sought medical assistance immediately after the incident, but it was denied him by defendant Schultz and by the corrections officer who relieved him on the next shift. Still, no one, apparently, observed his alleged injuries. Even the nurse who examined plaintiff on the third day after the incident, noted no injury: no bumps on the head, no bruises, no injured nose, no chafed wrists. Though plaintiff was familiar with the prisoner grievance procedure, which he employed immediately with respect to the Holland altercation, his failure to file any grievance concerning the alleged beating, which would appear to be more serious, is unexplained. In fact, there is no evidence that plaintiff complained of the alleged beating in any way until this action was commenced nearly two years later.

The Court recognizes that evidence of serious or permanent injury is not essential to plaintiff's claim. Yet, in view of the lack of any other evidence supporting plaintiff's charge that he was beaten, the absence of any apparent manifestation or even complaint of injury, even upon examination by a nurse three days later, renders plaintiff's claim plainly implausible. The absence of any objectively verifiable injury less than 72 hours later is simply not consistent with plaintiff's claim that he was pushed, punched and kicked by four corrections officers for five minutes. The conclusion is inescapable that, if plaintiff was beaten at all, the beating was not so serious as to rise to the level of a constitutional violation, but is actionable only as a common law battery.

The Court may be criticized for weighing the "credibility" of the evidence under the auspices of evaluating the "plausibility" of the claim. The Court is cognizant of its limitations in this regard. See *Street, supra*, 886 F.2d at 1480 n. 21. Still, where the record taken as a whole could not lead a rational trier of fact to find for plaintiff, summary judgment should be awarded. *Matsushita*, 475 U.S. at 586, 106 S.Ct. at 1355; *Street*, 886 F.2d at 1480. Here, in view of all the cited facts and circumstances, plaintiff's allegations, on their face, are not only not credible, but do not form a plausible basis for the asserted constitutional violation. Taken in context, they are clearly insufficient to persuade a rational trier of fact that plaintiff was subjected to cruel and unusual punishment. Therefore, summary judgment, a mechanism which permits a sort of trial on the paper record,

*Street,* 886 F.2d at 1480–81,[5] a mechanism designed to facilitate just, speedy and inexpensive judicial determinations, *Celotex, supra,* 477 U.S. at 327, 106 S.Ct. at 2555, is appropriate.

### C

There being no genuine issue as to any material fact concerning plaintiff's two federal claims under 42 U.S.C. § 1983, defendants are entitled to summary judgment. The federal claims will be dismissed, leaving the Court with no jurisdiction over the pendent assault and battery claims. The Court expresses no opinion as to the sufficiency of the evidence supporting these pendent state claims, but remands them, as it must, to the Circuit Court for the County of Ingham. An order consistent with this opinion shall issue forthwith.

---

**5.** The *Street* court quoted with approval this language from Childress, *A New Era for Summary Judgments: Recent Shifts at the Supreme Court,* 116 F.R.D. 183, 194 (1987).