Juanita **LOPEZ NAVARRO**,
et al., **Plaintiffs**,

v.

Mercedes **OTERO de RAMOS**,
et al., **Defendants**.

**Civ. No. 91–2438 (JP).**

United States District Court,
D. Puerto Rico.

Aug. 20, 1992.

Roberto Roldán Burgos, Río Piedras, P.R., for plaintiffs.

Sylvia Roger Stefani, Dept. of Justice of P.R., Federal Litigation Div., San Juan, P.R., for defendants.

## OPINION & ORDER

PIERAS, District Judge.

The Court has before it the Motion to Dismiss filed by defendants Ismael Betancourt Lebrón and Mercedes Otero de Ramos on May 20, 1992. For the reasons set forth below, the motion is hereby DENIED.

### I. Background

When examining a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept as true all factual allegations contained in a plaintiff's complaint. *See Berkovitz v. United States*, 486 U.S. 531, 540, 108 S.Ct. 1954, 1960, 100 L.Ed.2d 531 (1988). The material facts for purposes of defendants' motion, which are set forth below, are therefore drawn from plaintiffs' complaint.

On November 16, 1990, in a neighborhood just outside of Loíza, Puerto Rico, Miguel A. Matos Pérez, a penal guard of the Corrections Administration of the Commonwealth of Puerto Rico, shot and killed Rigoberto Velázquez López. Although off-duty at the time, Matos was carrying the service revolver he had been issued by the Corrections Administration. The firearm was used in the killing of Velázquez, who was unarmed, helpless, and posed no threat to Matos or the general public.

Plaintiffs, who are relatives of the deceased, brought this action under 42 U.S.C. §§ 1983 and 1988, alleging violations of their rights [1] and the rights of the deceased under the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments. Plaintiffs allege primarily (i) that defendant Matos executed Velázquez without any reasonable justification (Complaint ¶ 20); (ii) that defendant Mercedes Otero de Ramos, Director of the Corrections Administration, was grossly negligent to a level amounting to deliberate indifference in the hiring, training, supervising and disciplining of defendant Matos,

---

1. Although defendants have not addressed the issue as part of the motion before the Court, it is clear that based on the facts presented plaintiffs have no cause of action on their own behalf. Although circuit courts have differed on the issue, the First Circuit has held that family members may sue under Section 1983 only for governmental conduct directly aimed at certain family relationships and not for the deprivation of a family relationship which is "incidental" to allegedly unconstitutional government conduct. *Accord Valdivieso Ortiz v. Burgos*, 807 F.2d 6, 9 (1st Cir.1986).

"as well as providing him with, and authorizing him to possess and carry a firearm despite the fact that he was not fit to carry or possess such a firearm" (Complaint ¶ 23); and (iii) that defendant Ismael Betancourt Lebrón, Superintendent of the Police Department of the Commonwealth of Puerto Rico, was grossly negligent to a level amount to deliberate indifference in his investigation of the application of defendant Matos for a weapons license as well as in the issuing of a license to him (Complaint ¶ 24).

Plaintiffs allege that defendant Matos' acts were committed under color of law in that he shot Veláquez with a service revolver provided to him by other defendants as part of his duties as a penal guard and which he was required to carry at all times according to regulations and instructions of the Commonwealth of Puerto Rico. (Complaint ¶ 18.)

Defendants move to dismiss plaintiffs' complaint in its entirety. They assert first that plaintiffs have no cognizable claim under Section 1983 against defendant Matos because the actions complained of did not occur while he was acting under color of law. They also assert that plaintiffs have no cognizable claim under Section 1983 against the other named defendants because a state's failure to protect an individual against private violence does not constitute a violation of plaintiffs' constitutional rights.

## II. Discussion

Rule 12(b)(6) provides that a defendant may, in response to an initial pleading, file a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. It is well-settled, however, that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*

*v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *see also Miranda v. Ponce Federal Bank*, 948 F.2d 41 (1st Cir.1991).

### A. Under Color of Law Requirement

██ 42 U.S.C. § 1983 provides for the recovery of damages and injunctive relief against individuals and governmental bodies who deprive a plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States.[2] To state a claim under Section 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of law. *Accord Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330–31, 106 S.Ct. 662, 664–65, 88 L.Ed.2d 662 (1986); *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). For all practical purposes, "under color of law" and "state action" are the same where, as here, Fourteenth Amendment violations are charged. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). Action taken "under color of law" has been defined as the exercise of power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *United States v. Classic*, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

██ Not all acts carried out by state officials are carried out under color of law. The Supreme Court has consistently held that "acts of officers in the ambit of their personal pursuits are plainly excluded." *Screws v. United States*, 325 U.S. 91, 111,

---

**2.** 42 U.S.C. § 1983 states, in pertinent part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other per-

son within the jurisdiction thereof to any deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

65 S.Ct. 1031, 1040, 89 L.Ed. 1495 (1945). Cases in which a state official asserts that allegedly actionable conduct was carried out "off-duty" can be difficult to resolve. Different circuit courts have set forth different standards for reviewing such an assertion. The Sixth Circuit has directed courts to conduct a particularized study of "the nature of the act performed." *Stengel v. Belcher,* 522 F.2d 438 (6th Cir.1975), *cert. granted,* 425 U.S. 910, 96 S.Ct. 1505, 47 L.Ed.2d 760 *cert. denied as improvidently granted,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed.2d 269 (1976). The Second Circuit has stated that a court must decide whether the alleged acts were " 'committed in the performance of any actual or pretended duty.'" *Bonsignore v. City of New York,* 683 F.2d 635, 639 (2d Cir.1982) (quoting *Johnson v. Hackett,* 284 F.Supp. 933, 937 (E.D.Pa.1968)). *See also Gibson v. City of Chicago,* 910 F.2d 1510, 1516 n. 10 (7th Cir.1990) (summarizing law of circuits on the issue). The essential issue, however, is whether the acts complained of were carried out by a public employee acting in his official capacity or while he was exercising his responsibilities pursuant to state law. *Accord Lugar,* 457 U.S. at 949–50, 102 S.Ct. at 2760. This is clearly not the case where the acts complained of were carried out by a police officer who is both off-duty and carrying out purely personal pursuits. *See, e.g., Gibson, supra* (police officer who had been placed on medical rolls as mentally unfit for duty not acting under color of law when he shot and killed victim); *Bonsignore, supra* (off-duty police officer not acting under color of law when he shot his wife and then committed suicide by shooting himself in the head); *see also Briscoe v. LaHue,* 663 F.2d 713, 721 n. 4 (7th Cir. 1981), *aff'd,* 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) (quoting *Johnson v. Hackett,* 284 F.Supp. 933, 937 (E.D.Pa. 1968) ("acts committed by a police officer even while on duty and in uniform are not under color of state law unless they are in some way 'related to the performance of police duties.'") The argument for finding that acts were not carried out under color of law would appear to be even stronger where, as in this case, the actor is a penal guard, since the ambit of his state-created authority would not appear to extend in any meaningful way beyond the confines of a state penal institution.

Plaintiffs oppose defendants' motion solely on the ground that "[w]hether or not defendant Matos, a penal guard, was acting under pretense of authority, is as much, if not more, a factual question as it is a question of applicable law." Based on this contention, they request that defendants' motion be dismissed without prejudice pending the development of a factual record in this case.

It is not reasonable that plaintiffs have reached this stage in litigation unable to present a more aggressive defense to the allegations contained in their complaint. The acts complained of occurred twenty (20) months ago. Plaintiffs' complaint was filed eight months ago. Rule 11 of the Federal Rules of Civil Procedure requires an attorney, upon the filing of a complaint or any other pleading or motion, to certify that the allegations contained therein are well-grounded in fact and law. Plaintiffs should have been prepared to respond to defendants' motion with more detailed information concerning such a basic and essential factual issue.

A motion to dismiss should not be granted, however, if a possibility exists that plaintiffs can prove a set of facts to support their alleged cause of action. In this case, although the possibility appears extremely remote, plaintiffs may be able to show that defendant Matos, in shooting and killing—while off-duty and off the premises of any property of the Puerto Rico Corrections Authority—an individual who apparently had no connection with the Puerto Rico penal system or Corrections Authority, was acting under color of his state-created authority.

Defendants' motion to dismiss plaintiffs' action based on the conduct of defendant Matos is therefore conditionally DENIED. Plaintiffs are hereby ORDERED to conduct, on or before September 1, 1992, a deposition of defendant Matos and any other discovery needed to respond to defendants' charge that Matos was not acting

under color of law. Plaintiffs are further ORDERED to file, on or before September 11, 1992, an Amended Complaint containing a more definite statement of the facts on which recovery predicated on the acts of defendant Matos is based and a supplemental response to defendants' motion to dismiss on this issue. If plaintiffs fail to follow this schedule, for which no extensions will be allowed, their complaint will be dismissed. The Initial Scheduling Conference previously set in this case for August 18, 1992, is hereby VACATED sine die pending the outcome of plaintiffs' deposition of defendant Matos.

**B. Lack of Constitutional Duty**

Defendants Betancourt and Otero move to dismiss plaintiffs' claims against them on the ground that the constitution imposed upon them no duty to intervene to protect the decedent from actions carried out by a private individual. Defendants rely on *DeShaney v. Winnebago Department of Social Services*, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989), in which the Supreme Court held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *Id.* at 197, 109 S.Ct. at 1004. Defendants themselves recognize that to succeed on this defense the Court must conclude that the actions of defendant Matos "were performed while pursuing his own personal interests and not while exercising state law authority or responsibilities pursuant to state law." Since the Court has granted plaintiffs the opportunity to establish that defendant Matos was in fact acting under color of law, defendants' motion to dismiss based on *DeShaney* must also be conditionally DENIED.

**C. Deliberate Indifference Standard**

Defendants also intimate in their motion to dismiss that an argument can be made that plaintiffs' complaint fails to state a claim for recovery based on the alleged deliberate indifference of defendants Betancourt and Otero. Defendants' suggestion may be correct, since the deliberate indifference standard is exceedingly high,

excluding even actions that may be characterized as "very negligent." *Accord Bowen v. City of Manchester*, 966 F.2d 13 (1st Cir.1992). Since defendants have not gone so far as to move for dismissal of plaintiffs' action against them based on this contention, however, the Court need not discuss it at this time.

IT IS SO ORDERED.